STATE v. A. C. MOODY and another.

An agreement by a Solicitor for the State, to discharge a defendant, if he would become a State's witness against a co-defendant, which he did so far as to go before the grand jury and be examined, and then left the Court, will not relieve such defendant from a forfeited recognizance. A recognizance is a matter of record, and can only be discharged by a record, or something of equal solemnity.

The discharge of a defendant, or the entering a *nol pros.* is within the control of the Court, though in practice, usually left to the discretion of the Solicitor.

CRIMINAL ACTION, (*sci. fa.* upon a forfeited recognizance) tried before *Russell, J.,* at the Spring Term, 1873, of ROBESON Superior Court.

The Solicitor for the State, moved for an execution upon the judgment *nisi* heretofore obtained, whereupon the defendant, Moody, was permitted by the Court, to use the answer filed by him to the complaint of the Solicitor, (the action commencing by summons and complaint,) in which it is alleged, that he, Moody, one of the defendants in the bill of indictment, under which the recognizance, alleged to be forfeited, was taken, did make his actual appearance at the term of the Court, (the second week) to which he was bound; that he was told by the Solicitor, that if he would be used as a witness against the other defendants in the said bill, that his further attendance would not be required; that he went before the grand jury, was examined, and the bill was found, and that in consequence of the assurance from the Solicitor he left the Court, and was called out on his bond.

The following is the record, upon which the Solicitor based his motion for execution, to-wit:

*Fall Term,* 1871.

" STATE
        *v.*
A. C. MOODY and JOHN BROWN.

The defendant, A. C. Moody, being called, and failing to

34

appear as he was bound in recognizance to do: *it is ordered* by the Court, that he, together with his sureties, (W. C. Troy and Wm. J. Brown) forfeit *nisi* said recognizance."

His Honor rejected the evidence of the defendant, tending to establish the allegations of his answer, above set. out, *holding* that nothing could be heard to contradict the record, and that the only way the same could be used would be to the Court, for the purpose of inducing the Court to relieve the defendant from the forfeiture. This his Honor declined to do, and directed the execution to issue.

From this order, the defendants appealed.

*N. McLean, McKay* and *N. A. McLean,* for defendant.
*Attorney General Hargrove* ahd *Cantwell,* for the State.

READE, J. Suppose it were true, as the defendant offered to prove, that the Solicitor for the State promised him that if he would turn State's evidence against his co-defendant he would not prosecute him; and suppose the defendant had, in all things, complied with his agreement, and the Solicitor had nevertheless refused to discharge him, and the defendant left the Court, and the Solicitor called him out, and had judgment entered against him and his sureties upon his recognizance. The defendant could not plead the promise of the Solicitor in bar or in discharge of the judgment, because that is matter of record, and the discharge must be of record or of equal solemnity. But if it could be so pleaded, still the defendant would have to show that he did in all things comply with his agreement. And here the agreement must be understood to have been that he would become a witness for the State and testify upon the *trial,* as well as before the grand jury. But all that he alleges was that the did testify before the grand jury, and then, understanding that a bill had been found against him about another matter, he left the Court to avoid that indictment,

and did not appear as a witness upon the trial. So that it would seem he did not comply with his agreement, and for that reason it could not avail him for any purpose. His Honor held that while the alleged agreement could not operate to discharge the defendant, yet he could consider it as an excuse or in mitigation ; and so considering it, he was of the opinion that there was nothing in the conduct of the defendant which would induce his Honor, in the exercise of his *discretion,* to remit the forfeiture, or any part of it. And in this we cannot say that his Honor erred.

It was discussed at the bar whether it is within the power of a Solicitor to discharge a defendant, or to enter a *nol. pros.,* &c., or whether that is the province of the Court. The rule is that it is within the *control* of the Court, but it is usually and properly left to the discretion of the Solicitor. It is scarcely to be supposed that a Solicitor would abuse this confidence to the prejudice of a defendant, and it is always within the power of a defendant to protect himself by having his discharge entered of record at the time of the agreement. And it would be a dangerous practice to allow defendants to have themselves discharged upon allegation of some out door agreement.

The reason which his Honor gave for his judgment, and whether he heard the evidence offered, even to enlighten his discretion, is not very clearly stated. If, however, we have misunderstood his Honor, no irreparable injury need result to the defendant, as he can move the matter again before his Honor at the next, or even at any subsequent, term before the money is paid.

There is no error. This will be certified, &c.

PER CURIAM.                     Order affirmed.