COMMONWEALTH *vs.* JOSEPH ST. JOHN & others.

Hampden.   January 12, 1899. — June 30, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Promise by Police Officer of Immunity to accused Person without Authority of District Attorney — Plea in Bar of Indictment.*

A promise of immunity from punishment, made by a police officer without any authority from the District Attorney, to one of two persons accused of a crime, on condition of a full disclosure of the facts known to him relating to the crime and a readiness to testify to them at the trial of the other person, cannot be pleaded in bar of an indictment against him for the crime.

INDICTMENT, against Joseph St. John, Albert St. Germaine, and Eugene Bernatchez, charging the first named defendant,

on May 31, 1896, at Springfield, with unlawfully using a certain instrument in and upon the body of a woman named, with intent to procure a miscarriage, and thereby causing her death; and charging the other defendants with being accessories before the fact.

In the Superior Court, the defendants St. Germaine and Bernatchez each filed a plea in bar of the indictment, alleging that he was promised and pledged by the prosecuting authority or authorities immunity and protection from the crime charged in the indictment against him, if he would make full disclosure and confession of what he knew with reference to an abortion alleged to have been performed by St. John, as principal, and against whom a complaint had been made and warrant issued from the police court of Springfield for such offence, and if he would hold himself in readiness to testify and would testify whenever requested by such authority or authorities, at any trial or hearing, and before any tribunal, to all the facts and circumstances known by him with reference to the crime charged against St. John; and that he agreed so to do, and did make such full disclosure and confession, and had, since such promise of immunity and protection, always been willing and ready to testify, whenever requested by such authority or authorities.

The plea of St. Germaine alleged further that he was used as a witness for the government in the police court at the preliminary hearing of the complaint against St. John.

Trial before *Wardwell*, J., and, he having resigned, a bill of exceptions tendered by both defendants was allowed by *Mason*, C. J., that of the defendant St. Germaine being in substance as follows.

St. Germaine, in support of his plea in bar, offered to show that he was promised and pledged by the city marshal of Springfield, who was at the time at the head of the police department of the city, and by one Boyle, the chief detective of the police department, and who were in the preliminary proceedings the prosecuting officers, and by whom a warrant was obtained for the arrest of St. Germaine, that if he would make full disclosure and confession of what he knew with reference to the abortion alleged to have been performed by St. John, and against

whom a complaint had been made and a warrant issued from the police court of Springfield for such offence, as principal, and if St. Germaine would hold himself in readiness to testify and would testify at the preliminary hearing in the police court upon the complaint and warrant against St. John, and if he would hold himself in readiness to testify at any other trial or hearing with reference to the charge against St. John, he should have immunity and protection from the crime charged against him in the indictment; that there was a preliminary hearing in the police court upon the complaint against St. John, at which the city marshal and Boyle were the prosecuting officers ; that the District Attorney did not appear and was not represented at such hearing other than by the city marshal and by Boyle; that by reason of such promise and pledge of immunity, St. Germaine was induced to and did make full disclosure and confession of what he knew with reference to the abortion and of the connection of St. John, Bernatchez, and himself therewith ; that by reason of such promise and pledge of immunity, St. Germaine allowed himself to be used by the Commonwealth as a witness at the preliminary hearing on the complaint against St. John, and gave full evidence of all he knew with reference to the offence charged in the complaint, including the connection of himself and Bernatchez therewith ; that because of the testimony so given by him, and upon no other testimony, the police court found that there was probable cause to believe St. John guilty, and thereupon St. John was duly bound over to the grand jury; that later the grand jury returned this indictment ; that St. Germaine was, and since the promise of immunity and protection always has been, willing and ready to make full disclosure and confession whenever called upon by the government in any future hearing or trial upon the matter alleged in the indictment ; that upon the day when the grand jury assembled, Boyle asked St. Germaine to be present at the court-house ready to testify whenever called upon of what he knew with reference to the offence charged against St. John, and thereupon again promised him full immunity and protection from the crime charged in the indictment ; that at Boyle's request St. Germaine from day to day reported at the court-house to Boyle while the grand jury were in session,

and by reason of the promises of immunity and protection St. Germaine held himself in readiness and was willing to make full disclosure and confession and to repeat in substance the evidence previously given by him at the preliminary hearing; and that relying upon the representations of the city marshal and Boyle, St. Germaine pleaded guilty to the indictment, and was sentenced thereon. It was not contended on behalf of St. Germaine that the city marshal or Boyle made any of the promises named or held out any of the inducements referred to under the authority of the District Attorney.

The exceptions tendered by the defendant Bernatchez did not differ materially from those tendered by St. Germaine, except that the offer of proof was limited to promises made by Boyle, and did not allege attendance as a witness before the police court.

The judge ruled that the evidence offered was not competent, and excluded the same; and each of the defendants alleged exceptions.

*W. H. Brooks & W. Hamilton*, for the defendants.

*C. L. Gardner*, District Attorney, for the Commonwealth.

MORTON, J. The decisive question in each case is the same, and the cases may therefore properly be considered together. The question is whether the immunity that was promised to the defendants by the city marshal and by Boyle, the chief detective of the police department of Springfield, can be pleaded in bar of the indictment against them. We think that it cannot. The immunity and protection which may be promised from the consequences of crime on condition of a full disclosure and readiness to testify are not a matter of right, but rest in the last resort on the sound judicial discretion of the court having final jurisdiction to sentence, and cannot therefore be pleaded in bar.' *Wight* v. *Rindskopf*, 43 Wis. 344. *State* v. *Moody*, 69 N. C. 529. *State* v. *Graham*, 12 Vroom, 15. *Rex* v. *Rudd*, Cowp. 331. Whart. Crim. Ev. §§ 439, 443. 3 Russ. Crimes, (9th Am. ed.) 599.

When such promises are made by the public prosecutor or with his authority, the court will see that due regard is paid to them, and that the public faith which has been pledged by him is duly kept. The prosecuting officer has also the power

to enter a *nolle prosequi.* It appears in each case that neither the city marshal nor Boyle had any authority from the District Attorney to make the promises or hold out the inducements which they did. There is nothing in either bill of exceptions tending to show that the District Attorney had anything to do with the prosecution in the police court. Neither of the defendants appeared before the grand jury, although they were at the court-house from day to day when the grand jury was in session, ready to testify, relying on the promises of immunity made by the city marshal and by Boyle. And there is nothing tending to show that there was any expectation or understanding on the part of the District Attorney that either was to testify as a government witness in the Superior Court, and neither did so testify. If an appeal had been made to the clemency of the court, it would no doubt have been competent for the court to take into consideration the inducements which had been held out and the promises that had been made, if any, by the city marshal and by Boyle. But what was done was to plead the promises and inducements in bar. A question of law was thus presented, and we think that the ruling of the court was clearly right.                                    *Exceptions overruled.*