McCALEB, Justice
(dissenting).
1 do not agree with the majority that it was essential in this case for the judge to approve the bargain made by the district attorney with the defendant in order for that agreement to become binding and enforceable. - Since adherence to the bargain he had made to refrain from prosecuting the defendant as a multiple offender, in consideration of defendant’s guilty plea to a lesser offense than the offense charged in the bills of information, depended solely on the will of the district attorney in his capacity as prosecutor and was not a matter within the province of the office of district *853 judge, the judge’s approval of this obligation of the prosecutor was immaterial and unnecessary, in my opinion.
I have no quarrel with the authorities cited by the majority, which are to the effect that a pre-sentence agreement between a public prosecutor and an accused is not binding unless it is approved by the trial judge. The reason for this rule is that it is the function of the judge, and the judge alone, to determine the proper sentence to be given on conviction of any offense. Hence, his prerogative cannot be affected by “deals” between the State and the accused. But that doctrine is inapposite in this case as to that portion of the district attorney’s promise to refrain from charging the defendant as a multiple offender. Since the judge admittedly had no control over whether this part of the agreement was to be fulfilled or not, his sanction of it was not essential in order for it to have vitality.
Under R.S. 15 :17 the district attorney is vested, subject to the supervision of the attorney general, with entire charge and control of every criminal prosecution instituted or pending in his jurisdiction and he is given full discretion by R.S. 15:529.1, as amended by Act 469 of 1958, of determining whether or not he will charge a convicted person as a multiple offender when the offender’s record shows that he has previously been convicted of a felony under the laws of this State or the laws of another State or of the United States.[1]
Thus, it is seen that the district attorneys are clothed with broad powers, being free to bargain with those accused of crime, whether prosecution will be had for a greater offense or a lesser offense, including the right, in cases involving multiple offenders, to refrain from prosecuting them as such. None of any of these agreements are required to be approved by the district judge. Therefore, when a district attorney makes a bargain with one accused of crime, and the latter has relinquished valuable fundamental rights such as trial by jury, it is but consonant with the discretion reposed in the prosecutor by the 1958 Legislature to regard his agreement as a *855 pledge of public faith (see Commonwealth v. St. John, 173 Mass. 566, 54 N.E. 254, 73 Am.St.Rep. 321 and State v. Ward, 112 W.Va. 552, 165 S.E. 803, 85 A.L.R. 1175) which should be enforced by the Court.
I make no individual evaluation as to the defense of the district attorney in this case, in which he claims justification for abrogating his bargain on the ground that he would not have made it had he known that defendant had been previously convicted of a crime of violence. All that I do say is that this Court should determine whether the evidence is such as to justify the action taken by the district attorney for, to deny the -defendant the right to have the bargain enforced, if it be valid, is to hold that he deals with law enforcement officers at his peril and cannot place any reliance whatever in their pledge on behalf of the people they represent.
I respectfully dissent.

. In this connection, it is significant to note that the provisions of R.S. 15:259.1 were mandatory at the time of the adoption of the Revised Statutes in 1950 and, for that matter, ever since the passage of the original Multiple Offender Act in 1928 (see Act 15 of 1928), that statute imposing upon the district attorney the duty of charging an accused as a multiple offender when he had been previously convicted of a felony. However, by Act 469 of 1958 the Legislature effected an ' important change in the law by the substitution of the word “may” for the word “shall” in the clause pertaining to the district attorney’s duty of filing a bill of information against a multiple offender.
Undoubtedly, one of the motivating purposes of this amendment, which invests greater discretionary powers in public prosecutors, is to permit them to make bargains with multiple offenders, as was done in this case.