STATE OF NORTH CAROLINA v. MATTHEW WILLIAMS

No. 7214SC574

(Filed 25 October 1972)

**Criminal Law § 30; Solicitors— entry of nolle prosequi — testimony by solicitor — no prejudice to defendant**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, defendant was not prejudiced where a *nolle prosequi* had been entered against the prosecuting witness in another action charging him with a violation of G.S. 14-32(a) arising from the same incident which gave rise to the charge against defendant; nor was defendant prejudiced where the solicitor was not the prosecuting attorney but was called as a character witness for the prosecuting witness.

APPEAL by defendant from *Robert M. Martin, Judge,* 20 March 1972 Session, Superior Court, DURHAM County.

Defendant was tried under a bill of indictment charging him with assault with a deadly weapon with intent to kill resulting in serious bodily injury. He was found guilty of assault with a deadly weapon inflicting serious injury and appeals from the judgment entered on the verdict.

*Attorney General Morgan by Associate Attorney Reed for the State.*

*Kenneth B. Spaulding for defendant appellant.*

MORRIS, Judge.

Defendant's sole assignment of error is directed to the court's denial of his motion to quash the indictment. This he contends "violated the defendant's constitutional right of due process and a fair and impartial trial."

It appears that as a result of the same incident bills of indictment were returned against defendant, Nathaniel Jones, and Napoleon Lawrence charging violations of G.S. 14-32(a). At the hearing on defendant's motion to quash, the solicitor testified that at the preliminary hearing in District Court, he had expressed to counsel for Lawrence his willingness to appear on behalf of Napoleon Lawrence as a character witness at a subsequent trial. He also testified that in Superior Court leave of court was requested to take a *nol pros* with leave as to Napoleon Lawrence and the court agreed that "that was the thing to do." The original warrant against defendant was issued on the affidavit of Napoleon Lawrence and the original warrant against Lawrence was issued on the affidavit of defendant Williams. At defendant's trial, Lawrence testified as the prosecuting witness and the solicitor testified as a character witness for Lawrence. The solicitor did not prosecute the case for the State. This was done by privately retained prosecutor.

These facts, defendant contends, show abuse of discretion and robbed defendant of a fair and impartial trial. We do not agree.

"A solicitor, as a public officer and as an officer of the court, is vested with important discretionary powers. True, it is his responsibility, upon a fair and impartial trial, to

bring forward all available evidence and to prosecute persons charged with crime. Even so, prior to prosecution, if he finds the available evidence insufficient to support a conviction, he may enter a *nolle prosequi* or *nolle prosequi* with leave. (Citations omitted.) In *S. v. Moody*, 69 N.C. 529, *Reade, J.*, said: 'It was discussed at the bar whether it is within the power of a Solicitor to discharge a defendant or to enter a *nol. pros.*, etc., or whether that is the province of the court. The rule is that it is within the *control* of the court, but it is usually and properly left to the discretion of the Solicitor.' " (Citations omitted.) *State v. Furmage*, 250 N.C. 616, 622-623, 109 S.E. 2d 563 (1959).

In the trial of this case, the solicitor was not the prosecuting attorney and was called as a witness for the prosecuting witness. We know of nothing to prohibit his testifying as a character witness. The *nol pros* of Lawrence's charge had nothing to do with the trial of this defendant. It was a separate completed transaction not within the knowledge of the jury so far as the record discloses. Defendant does not contend that the solicitor took a *nol pros* as to Lawrence in spite of evidence sufficient to convict. We fail to find abuse of discretion or any conduct on the part of the solicitor which prevented defendant from having a fair and impartial trial. The evidence for the State was certainly sufficient to support the jury's verdict. Defendant's assignment of error is without merit and is overruled.

No error.

Judges CAMPBELL and PARKER concur.