COMMONWEALTH *vs.* RICHARD A. BENTON
(and a companion case[1]).

Dukes County. November 3, 1969. — December 2, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Practice, Criminal,* Agreement between prosecutor and defendant, Nolle prosequi. *District Attorney.*

A nolle prosequi by an assistant district attorney under G. L. c. 277, § 70A, of a complaint in a District Court charging an unlawful sale of a narcotic drug, marihuana, entered pursuant to an agreement made by the assistant district attorney with the defendant for such nolle prosequi provided the defendant would plead guilty to other complaints respecting narcotic drugs and coöperate with police by furnishing all information he had as to the source of the marihuana, barred a subsequent indictment of the defendant for the same sale where it appeared that he fully performed the agreement, even though the offence nol prossed was a felony over which the District Court had no power to enter a final sentence.

Two INDICTMENTS found and returned in the Superior Court on May 13, 1966.

The cases were reported by *Hudson,* J., following allowance of motions to dismiss the indictments.

*Joseph P. Harrington,* Assistant District Attorney, for the Commonwealth.

*Harold Hestnes* (*Gordon T. Walker* with him) for the defendants.

WILKINS, C.J. These are indictments in the Superior Court for Dukes County. The defendants were arraigned in the District Court of Dukes County and each pleaded not guilty to six complaints charging possession of marihuana, G. L. c. 94, § 205; conspiracy to violate the narcotic drug laws, G. L. c. 94, § 213A; possession of marihuana, G. L. c. 94, § 205; being present where a narcotic drug was illegally kept, G. L. c. 94, § 213A; possession of a harmful drug, a

---

[1] The companion case is Commonwealth *vs.* Timothy G. Gibbud.

derivative of barbituric acid, G. L. c. 94, § 187B; and unlawful sale of a narcotic drug, to wit, marihuana, G. L. c. 94, § 217.

Subsequently, with police approval, an assistant district attorney entered into an arrangement with the defendants whereby he agreed to nol pros the complaints charging unlawful sale provided the defendants pleaded guilty to the other complaints, and would coöperate by providing the police with all information they had as to the source of the marihuana. The defendants actually did plead guilty to all complaints except the two for selling. On each of the latter the assistant district attorney indorsed and signed, "April 10, 1968. The within complaint is nol prossed for reason of insufficient evidence at this time."

On or about May 13, 1968, the district attorney obtained indictments for the identical offences which were the subject of the nol prossed complaints. This was in breach of the agreement between the assistant district attorney and the defendants upon which the defendants relied and which they fully performed.

A Superior Court judge allowed motions to dismiss the indictments, and reported the cases to this court for a determination whether the nol pros of the felony complaints for selling in consideration of pleading guilty to the other complaints is a bar to the prosecution of the subsequent indictments for the offences nol prossed. G. L. c. 278, § 30A.

We are of opinion that the rulings were correct. An assistant district attorney, whose office exists pursuant to G. L. c. 12, § 14, has few powers prescribed by statute. However, by the terms of G. L. c. 277, § 70A, he has equal power with the district attorney to enter a nol pros. As was said in *Commonwealth* v. *St. John,* 173 Mass. 566, 569-570, "When such promises are made by the public prosecutor or with his authority, the court will see that due regard is paid to them, and that the public faith which has been pledged by him is duly kept. The prosecuting officer has also the power to enter a *nolle prosequi.*" See *Commonwealth* v. *Knapp,* 10 Pick. 477, 491-492.

Here the district attorney in seeking to repudiate the agreement made by an assistant district attorney justifies on the alleged ground that the offences nol prossed were felonies in violation of G. L. c. 94, § 217, over which the District Court had no power to enter a final sentence with the consequence that the action of the assistant district attorney had no effect on the subsequent indictments. In our opinion this is a dishonorable course for the Commonwealth to attempt to take. The highest degree of ethics should be the standard of the sovereign which should serve as an example to all others. The courts have the duty to enforce that standard.

Let an entry be made that the nol pros of the complaints was a bar to the indictments, which are unenforceable.

*So ordered.*