**In re Gary SNOONIAN, Appellant.**
**No. 74–1220.**

United States Court of Appeals,
First Circuit.
Aug. 14, 1974.

Henry D. Katz, Boston, Mass., for appellant.

Joel M. Friedman, Sp. Atty., Dept. of Justice, Boston, Mass., with whom Gerald E. McDowell, Sp. Atty., Dept. of Jus-tice, Boston, Mass., was on brief for appellee.

Before McENTEE and CAMPBELL, Circuit Judges, and CAFFREY,* District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Both Gary Snoonian and his wife were subpoenaed to testify before a United States Special Grand Jury investigating extortionate extensions of credit. Mrs. Snoonian appeared, and refused to testify, citing the Fifth Amendment. She has not been recalled by the grand jury and was not granted immunity. Gary Snoonian also appeared. After refusing to testify, he was granted use immunity and after further proceedings returned to the grand jury at which time he responded to several questions but refused to answer others, claiming that it would violate the husband-wife privilege. He maintained this position despite the prosecutor's assurance before the grand jurors that:

> "[Y]our wife is not a target of this investigation and . . . this Grand Jury has no intent to prosecute your wife on the basis of your testimony here. I wish to assure you that this Grand Jury in no way has your wife as a target of this Grand Jury investigation."

A hearing was held on the government's petition to hold Snoonian in contempt. The court ruled that there was no basis for a claim of husband-wife privilege since it was unlikely that questions dealing with loans could be relevant to information on a joint income tax return.

This court denied Snoonian's petition for bail pending appeal, 28 U.S.C. § 1826(b), on the condition that the government file with the district court an affidavit clarifying and confirming its representations at the grand jury proceedings.[1] An affidavit was thereafter

---

* Chief Judge of the District of Massachusetts sitting as Circuit Judge by designation.

1. It is, of course, clear that Snoonian may be released if at any time he determines to respond to the Grand Jury's questions. 28 U.S.C. § 1826(a).

filed by the Assistant Attorney in Charge of the New England Strike Force Against Crime, the attorney in charge of this investigation, stating:

"On behalf of the United States Government, I hereby represent and agree that no testimony of Gary Snoonian before the Grand Jury, or its fruits, will be used in any way in any proceeding against his wife."

▮ The relevant marital privilege is that which permits one spouse not to testify against the other. Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958). The rule developed in the context of trial-type proceedings and, as Wigmore points out, has been limited to testimony which "disfavors the other spouse's *legal interests in the very case* in which the testimony is offered." 8 J. Wigmore, Evidence § 2234, at 231 (McNaughton rev. 1961) (emphasis in original). *See* United States v. Burks, 152 U.S.App.D.C. 284, 470 F.2d 432 (1972); Astwood v. United States, 1 F.2d 639 (8th Cir. 1924). The privilege has not ordinarily been construed to allow one spouse to decline to testify merely because the testimony may incriminate the other. Wigmore, *supra* at 231, n. 2. *See, e. g.,* State v. Briggs, 9 R.I. 361 (1869).

▮ Although no one is meaningfully a "party" in a grand jury proceeding, the privilege still applies. *See* United States v. Calandra, 414 U.S. 338, 346, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); In re Lochiatto, 497 F.2d 803 (1st Cir. 1974). But the absence of fixed parties should not be treated as a license to broaden the scope of the privilege unduly. There is a dearth of precedent as to how closely the supposedly endangered spouse must be the "target" of the grand jury's investigation before the privilege may be invoked. *Cf.* United States v. George, 444 F.2d 310 (6th Cir. 1971). It is also unclear how obviously the questions asked one spouse must adversely affect the interests of the other spouse to warrant the former's refusal to respond. *Cf.* United States v. Weinberg, 439 F.2d 743 (9th Cir. 1971). In

*George* the Sixth Circuit rejected the claim of privilege both because the wife was not the focus of the investigation and because the questions "did not relate to his wife nor to any communication with her". 444 F.2d at 314. In that case, as here, the purported danger to the wife came solely because she had executed a joint tax return and because her husband's testimony might, or so it was claimed, give rise to tax fraud claims against her as well as him.

▮ We need not, however, determine the precise contours of the husband-wife privilege. The Government has not only stated that the wife is not a "target" but, more tangibly, it has executed and filed in court an affidavit that nothing said by the husband, and no fruits thereof, will be used against her. We think this effectively removes the wife from any category which can remotely be likened to a "party" to the grand jury proceedings. Under F.R. Crim.P. 7(c) no indictment could be returned by the grand jury without the Government's signature. Were the Government to renege on its sworn promise, it is hard to conceive of a court failing to find an estoppel. *Cf.* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Commonwealth v. Benton, 356 Mass. 447, 252 N.E.2d 891 (1969). The marital privilege would not excuse Snoonian from testifying at a trial in which his wife was not a defendant even if she were indicted and being tried separately. United States v. Fields, 458 F.2d 1194, 1199 (3d Cir. 1972), cert. denied, 412 U.S. 927, 93 S. Ct. 2755, 37 L.Ed.2d 154 (1973). The privilege is of even less force once he has been assured the grand jury will not indict his wife at all, or, as here, that his testimony will not be used to facilitate "the efforts of the prosecution to convict [her] of a crime." *Id.*

The scope of the marital privilege has never been construed, even at common law, as absolute. *Wigmore, supra.* And as it is in derogation of the public's "right to every man's evidence", United States v. Bryan, 339 U.S. 323, 331, 70 S.

Ct. 724, 94 L.Ed. 884 (1950); it is not to be "expansively construed". United States v. Nixon, —— U.S. ——, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). *Cf.* Wolfle v. United States, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617 (1934); United States v. Doe, 478 F.2d 194 (1st Cir. 1973). In the present case the speculative nature of the threat to the wife, coupled with the Government's unequivocal and convincing promises not to use any of the testimony against her, nullifies any claim of privilege as grounds for Snoonian's refusal to testify.

Affirmed.