**COMMONWEALTH**

**v.**

**Mark S. J. LIMA**

• **No. 800791**

Boston Municipal Court Department
Trial Court of the Commonwealth
OF Massachusetts ·
Six-Man Jury Session

**August 19, 1980**

Counsel of Record
Michael Powell, Plaintiff
Chris Quinn, Defendant

**MEMORANDUM OF DECISION ON
MOTION TO DISMISS COMPLAINT**

The defendant has brought a motion to dismiss the above complaint which alleges an unlawful carrying of a firearm in violation of M.G.L. 269, sec. 10A because of alleged prosecutorial misconduct on the part of a Boston Police Officer. The hearing on this

motion was conducted on July 11, 1980. After considering all the testimony and examining all the evidence I find that the police officer attempted to destroy the client-attorney relationship which existed between the defendant Lima and his court-appointed counsel. His interference was deliberate and calculated for personal gain. The officer's misconduct is exacerbated when one considers that the crime with which Lima was charged was a one year mandatory sentence. The officer abused the discretion given to him under the statute by using the period mandatory incarceration as a tool to manipulate the defendant into retaining the counsel he recommended.

Although the Commonwealth could prosecute the instant case by using the testimony of another police officer, I find that the facts in this case indicate that the officer's misconduct was pervasive **Commonwealth v. Manning,** 373 Mass. 438, 444 (1977). "The highest degree of ethics should be the standard of the sovereign which should serve as an example to all others. The courts have the duty to enforce that standard." **Commonwealth v. Benton,** 356 Mass. 447, 449 (1969).

I conclude that irreparable damage has been done in this case and that dismissal of the complaint is warranted.

**So ordered.**
**Charles M. Graham**
**JUSTICE**