## COMMONWEALTH *vs.* REYNALDO A. SANTIAGO.

Worcester. December 3, 1984. — February 7, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Plea, Sentence.

In the circumstances, a defendant was not entitled to withdraw his plea of guilty to a controlled substances charge on the basis that, pursuant to a plea bargain offer, he had agreed to plead guilty to that charge and two other crimes because of a mistaken assumption that he would be eligible for parole in thirty-two months when, in fact, because he was still on parole from an earlier sentence at the time he committed the crimes, he was not entitled to parole until he had served fifty-six months. [28-30]

A judge was not required, in sentencing a defendant, to inform him of the parole consequences of his pleas of guilty to certain criminal charges. [30]

INDICTMENTS found and returned in the Superior Court Department on May 11 and 14, 1981.

Motions for leave to withdraw a plea of guilty and for correction of sentence were heard by *John H. Meagher,* J., and *Herbert F. Travers, Jr.,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Richard Zorza* for the defendant.

*Bradford S. Mauro,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant's postconviction motions to withdraw a guilty plea and to correct his sentence were denied by two Superior Court judges. We allowed the defendant's application for direct appellate review.

The defendant claims that he agreed to plead guilty to several crimes because of a mistaken assumption that he would be eligible for parole after completing one-third of the minimum sentence imposed. The defendant also argues that it was prejudicial error for the sentencing judge to fail to follow exactly

the procedure required by Mass. R. Crim. P. 12, 378 Mass. 866 (1979). Contending that because of these errors he did not receive the result he bargained for when he agreed to plead guilty, the defendant asks that his sentence be modified or that he be resentenced in accordance with the alleged conditions of his plea bargain. We affirm the orders denying the defendant's motions.

On June 22, 1981, the defendant pleaded guilty to three indictments, one charging breaking and entering with intent to commit larceny in a dwelling house in the day time, G. L. c. 266, § 17, and two charging distribution of a controlled substance (heroin and methocarbynol, respectively), G. L. c. 94C, § 32. At the same proceeding, he was also surrendered from probation on a 1977 armed robbery conviction. During the disposition proceedings, the prosecutor summarized the evidence against the defendant. The defendant acknowledged, through an interpreter, that he understood the charges against him and the maximum penalty for the crimes involved. The record shows that the defendant also understood that the judge was not required to accept the recommendations of the prosecutor or the probation officer. Thereafter, the prosecutor recommended concurrent seven to ten year sentences at the Massachusetts Correctional Institution, Walpole (M.C.I., Walpole), as he had agreed to do under the conditions of a plea bargain. The judge followed this recommendation, sentencing the defendant to a term of seven to ten years' imprisonment for distribution of heroin, and an identical, concurrent sentence for breaking and entering. The third indictment, for distribution of methocarbynol, was placed on file without objection by the defendant. In addition, the judge found that probable cause existed for probation surrender on the armed robbery conviction, and sentenced the defendant to a concurrent four to ten year term of imprisonment at M.C.I., Walpole. The defendant did not exercise his right to review of the sentences by the appellate division of the Superior Court. G. L. c. 278, § 28A.

Under normal circumstances, the defendant would have been eligible for parole after serving the greater of one-third of the minimum seven-year sentence or two-thirds of the minimum

four-year sentence, that is, thirty-two months. G. L. c. 127, § 133. That general rule did not apply, however, because the defendant was still on parole when he committed these three crimes. Therefore, he is not eligible for parole until he has served two-thirds of the minimum seven-year sentence, that is, fifty-six months. G. L. c. 127, § 133 (*c*).

On June 23, 1982, one year after he was sentenced, the defendant filed a motion to withdraw his plea of guilty in the primary case, distribution of heroin. The motion was heard on October 13, 1982, at which time the defendant's counsel conceded that the judge had not been informed that parole considerations were the subject of the plea bargain agreement, as required by Mass. R. Crim. P. 12 (b) (2). The motion was denied.[1] The same motion was presented to a different judge on October 26, 1982, and it was similarly denied, without a hearing.[2] No appeal was taken from either order. On December 24, 1982, the defendant filed a motion, based on substantially the same grounds, to correct his sentence under Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). This motion was likewise denied after a hearing held on January 11, 1983,[3] and a timely appeal was taken. On August 11, 1983, the Appeals Court granted the defendant's motion for a late appeal from the orders of October 13 and October 26, 1982.

---

[1] The judge stated: "No one ever discussed this with me concerning as to what time he was going to serve or not serve. . . . There never was any discussion with me concerning this at all. . . . I have no control over the parole board or the Correction Department. . . . As far as I am concerned, it is no business of mine. What the Department of Correction is going to do with it, I have no control over them. I am denying the motion to withdraw the plea."

[2] The judge ruled: "Even if the court accepts the statements in this motion as true and overlooks the absence of an affidavit, they would not be sufficient for this court to conclude that justice had not been done. This motion is denied without a hearing."

[3] The judge stated: "I won't change it. You take it up with the parole authorities. . . . I'll deny your motion." The judge did allow the withdrawal of the defendant's guilty plea to distribution of heroin in light of *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982). The defendant then pleaded guilty only to possession of heroin, G. L. c. 94C, § 34, and this conviction was placed on file.

1. The defendant argues that he is entitled to receive the substance of what he allegedly bargained for, namely, a sentence which would have made him eligible for parole after thirty-two months. It is true that, when the prosecutor enters into plea bargain agreements, "the court will see that due regard is paid to them, and that the public faith which has been pledged by him is duly kept." *Commonwealth* v. *Benton,* 356 Mass. 447, 448 (1969), quoting *Commonwealth* v. *St. John,* 173 Mass. 566, 569 (1899). See *Santobello* v. *New York,* 404 U.S. 257, 262 (1971).

The touchstone for determining whether a defendant has been improperly denied the advantages he expected from a plea bargain is whether that defendant has reasonable grounds for reliance on his interpretation of the prosecutor's promise, and whether the defendant in fact relied to his detriment on that promise. See *Commonwealth* v. *Smith,* 384 Mas. 519, 522 (1981); *Blaikie* v. *District Attorney for the Suffolk Dist.,* 375 Mass. 613, 616 n.2 (1978). Thus, only a defendant's "reasonable expectations" surrounding a plea bargain are protected. Cf. *Commonwealth* v. *Smith, supra* (withdrawn offer to plea bargain).

Under the terms of the plea bargain in this case, the prosecutor agreed to recommend concurrent sentences of seven to ten years' imprisonment at M.C.I., Walpole in exchange for the defendant's pleas of guilty. The prosecutor did so. The judge accepted this recommendation and sentenced the defendant and accordingly, after making it clear to the defendant that he was not required to do so. Thus, this is not a case where the prosecutor reneged on his promise. Compare *Commonwealth* v. *Benton, supra.* Instead, it is apparent that "the prosecutor fully performed his part of the bargain." *Commonwealth* v. *Cepulonis,* 9 Mass. App. Ct. 302, 311 (1980).

Nevertheless, the defendant contends that, because a mutual mistake was allegedly made as to the parole consequences of the defendant's pleas, the defendant is entitled to relief. Assuming that the contract principle of mutual mistake is appropriate in this context, the defendant still cannot prevail. First, the defendant cannot now claim that he was mistaken. He is charge-

able with the knowledge that he committed a parole violation resulting in the revocation of his parole.[4] Under G. L. c. 127, § 131, as appearing in St. 1980, c. 155, § 3, when the defendant was released on parole, the parole board was required to "specify in writing the terms and conditions of his parole, and [to provide] a copy of such terms and conditions" to the defendant. He does not argue that he was not provided with the required copy of terms and conditions. Nor does he contend that his parole was revoked for an improper reason. The defendant's counsel merely argues that the defendant told him that he had not received actual notice of the parole revocation. This is simply insufficient to establish that the defendant was mistaken about his status when he pleaded guilty. Cf. *O'Reilly's Case*, 258 Mass. 205, 209 (1927) ("The mistake to warrant cancellation must not result from a want of due care and diligence"). Therefore, the defendant did not have reasonable grounds to believe that as a result of the plea bargain he would be eligible for parole in thirty-two months.

The defendant has also failed to show that the mistake was mutual. It "must be shared by both [parties] with respect to the same matter." *Stevens* v. *William S. Howe Co.*, 275 Mass. 398, 400 (1931). We are wary of "[t]he subsequent presentation of conclusory allegations unsupported by specifics." *Blackledge* v. *Allison*, 431 U.S. 63, 74 (1977). Although the defendant has offered conclusory statements that the mistake was mutual, he has presented no persuasive evidence to that effect and we find none in the transcript of the disposition proceedings. The fact that the defendant's trial counsel might have been mistaken is irrelevant.[5] See *Commonwealth* v. *Mor-*

---

[4] The defendant was paroled from a 1977 armed robbery conviction, with his parole period scheduled to expire in May, 1979. However, on September 18, 1978, the parole board revoked the defendant's parole for a reason not appearing in the record. The defendant was therefore still considered to be on parole when he committed the three offenses that gave rise to this appeal. See G. L. c. 127, § 149.

[5] The defendant's trial counsel told the judge at the October 13 hearing: "It is my understanding and it was my thought at the time that [if] he plead[ed] guilty that he would be eligible in one-third. I told him that, as a matter of fact.

*row,* 363 Mass. 601, 607 (1973). Under rule 12 (b) (2), "[i]f defense counsel or the prosecutor has knowledge of any agreement that was made contingent upon the defendant's plea, he shall inform the judge thereof prior to the tender of the plea." The failure by both parties to so inform the judge strongly suggests that parole consequences were not, in fact, a part of the bargain.

Neither has the defendant established that the mistake, even if mutual, was a basic assumption underlying the agreement. See *O'Reilly's Case, supra* (mistake "must be material to the transaction"); *Dover Pool & Racquet Club, Inc.* v. *Brooking,* 366 Mass. 629, 633 (1975). "Any defendant who pleads guilty does so under the weight of an assortment of pressures that are intrinsic to such a situation." *Commonwealth* v. *Bolduc,* 375 Mass. 530, 536 (1978). *Commonwealth* v. *Manning,* 367 Mass. 699, 705-706 (1975). The defendant has advanced no reason to doubt that it was this panoply of considerations that led to the defendant's pleas, rather than any single element.

2. The defendant argues that the judge's failure to inform him of the parole consequences of his pleas was error. But in this Commonwealth the judge need not provide that information, since "[t]he limitations on, or requirements for, parole (G. L. c. 127, §§ 128-151) are but 'contingent consequences of being confined.' " *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. 614, 622 (1974), quoting *Commonwealth* v. *Morrow, supra* at 606.[6] Even the Federal courts, which take a somewhat different view under the Federal Rules of Criminal Procedure, require the defendant to show that the parole information was material to the defendant's decision to plead guilty. See, e.g, *Cepulonis* v. *Ponte,* 699 F.2d 573, 577 (1st Cir. 1983).

---

. . . I feel responsible for having maybe possibly misled the defendant in his coming to an agreement to plead guilty."

[6] The rules of criminal procedure were not intended to change this result. See Reporters' Notes to Mass. R. Crim. P. 12 (c) (3), Mass. Ann. Laws, Rules of Criminal Procedure at 206 (1979): "Massachusetts courts are of the view . . . that the limitations on, or requirements for, parole are but contingent consequences of being confined, and do not require the court to advise the defendant of the legal and practical complexities of the parole law."

3. The defendant also argues, for the first time, that the judge's failure to adhere strictly to the procedural outline of rule 12 requires relief. Since this argument was not raised in any of the defendant's motions or at any of the hearings, we decline to consider it now. Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979). See *Commonwealth* v. *Mahdi,* 388 Mass. 679, 690 (1983).

The defendant received the result he bargained for. He is responsible for any consequences that flowed from the bargain he struck. Therefore, we affirm the denial of the defendant's motion to withdraw his plea and to correct his sentence.

*So ordered.*