## In re GRAND JURY PROCEEDINGS re Duane LARSON.

**Appeal of Theresa Mary SPORE, Clyde Leland Spore, Josephine Georgia Stierlen, and Robert Albert Stierlen.**

No. 84–5208.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1985.

Decided March 4, 1986.

Charles L. Hawkins, St. Paul, Minn., for appellant.

Richard E. Vosepka, Minneapolis, Minn., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and SACHS,* District Judge.

McMILLIAN, Circuit Judge.

Theresa Mary Spore, Clyde Leland Spore, Josephine Georgia Stierlen, and Robert Albert Stierlen appeal from final orders entered in the District Court[1] for the District of Minnesota finding them in contempt of court for refusing to testify before a federal grand jury. For reversal appellants argue that (1) the district court misunderstood the adverse spousal testimony privilege and the terms of the immunity granted, (2) the district court's orders contravened the purpose of the adverse spousal testimony privilege and that privilege outweighed any potential harm to the grand jury's investigation, and (3) neither the government nor the district court had the authority to grant immunity from adverse spousal testimony.

---

* The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota. Judge Lord retired on September 11, 1985.

We do not reach the merits of appellants' arguments[2] because events occurring after submission of this case have made the appeal moot. Accordingly, we vacate the orders of the district court and remand with directions to the district court to dismiss the cases as moot.

Appellants are two sisters and their spouses. During the summer of 1984 appellants appeared before a federal grand jury pursuant to subpoenas requiring testimony and documents. The grand jury was investigating Duane Larson for possible federal income tax evasion relating to income derived from alleged trafficking in illegal drugs.[3] The two women are sisters of Larson's wife. The government sought information from appellants about Larson's property and monetary transactions. Appellants refused to testify, asserting the fifth amendment privilege against self-incrimination. Later, after having been granted immunity under 18 U.S.C. § 6002 by the district court, appellants again refused to testify, this time asserting the adverse spousal testimony privilege. The district court then ordered that any information derived from appellants' testimony before the grand jury would not be used against them or their spouses. Appellants continued to refuse to testify. Following a hearing the district court found each appellant in civil contempt for refusing to testify but stayed commitment pending appeal. *In re Grand Jury Proceedings*, No. GJP–46 (D.Minn. Sept. 12, 1984) (memorandum and order). This joint appeal followed.

Oral argument was heard in June 1985. However, in August 1985, Larson, the target of the grand jury's investigation, entered a guilty plea to federal income tax evasion charges and was fined $10,000 and sentenced to a term of five years imprisonment, to be served concurrently with two earlier related sentences but consecutively to another sentence. In light of these developments, in December 1985 we instructed the clerk's office to ask the government by letter, with a copy to counsel for appellants, for information about the current status of the grand jury before which appellants refused to testify. By letter dated January 2, 1986, the government informed the court that the grand jury's term had in fact expired in August 1985 and that the grand jury was no longer subject to special recall and had been released from further service. On January 24, 1986, we entered an order directing the parties to show cause within 10 days why the appeal should not be dismissed as moot. Having received no response after the specified time period, we proceed to dispose of the appeal.

For the reasons discussed below, we hold that subsequent events have made the appeal moot and that the appeal does not fall within the "capable of repetition, yet evading review" exception.

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving "a case or controversy." A federal court must determine that "there is a substantial controversy, between parties

---

**2.** We note that appellants' arguments on the merits are not persuasive. *E.g., In re Grand Jury Subpoena of Ford,* 756 F.2d 249, 253–54 (2d Cir.1985) (husband refused to testify before grand jury despite government assurance not to use any of his testimony, directly or indirectly, against his wife, who was a target of the investigation; government promise limiting use of testimony held sufficient to meet claim of privilege); *In re Grand Jury Matter,* 673 F.2d 688, 692–94 (3d Cir.) (witness-spouse could assert privilege against adverse spousal testimony when government withdrew promise of "use-fruits" immunity), *cert. denied,* 459 U.S. 1015, 103 S.Ct. 375, 74 L.Ed.2d 509 (1982); *In re Snoonian,* 502 F.2d 110, 112–13 (1st Cir.1974) (government affidavit stating nonwitness-spouse not target of investigation plus unequivocal promise not to use witness-spouse's testimony, or its fruits, against the other, adequately met claim of privilege against adverse spousal testimony); *see Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); *United States v. Brown,* 605 F.2d 389, 396 (8th Cir.), *cert. denied,* 444 U.S. 972, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979); *see generally* Murphy, *Partners in Crime: An Examination of the Privilege Against Adverse Spousal Testimony,* 22 J.Fam.L. 713 (1984); *Developments in the Law—Privileged Communications,* 98 Harv.L.Rev. 1450, 1563–74 (1985).

**3.** Duane Larson was convicted in February 1984 of possession of cocaine with intent to distribute. *United States v. Larson,* No. 4–83–84 D.Minn. Feb. 9, 1984).

having adverse legal interests, of sufficient immediacy and reality" to warrant granting relief. The controversy must exist during all phases of the litigation. Cases involving substantial controversies may become moot on appeal by the occurrence of subsequent events.

*Flittie v. Erickson,* 724 F.2d 80, 81 (8th Cir.1983) (citations omitted); *see Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). However, an exception is recognized for cases which are "capable of repetition, yet evading review." *E.g., Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam). "This exception is applicable (1) when the relatively short term nature of the challenged action prevents its full litigation prior to its cessation or expiration; and (2) when there exists a reasonable expectation that the same complaining party will again be subject to the same action." *Clark v. Brewer,* 776 F.2d 226, 229 (8th Cir.1985).

■ Because a grand jury's term and its investigations are by their very nature of limited and relatively short duration, it is probable that contempt issues, in the absence of confinement or commitment,[4] "could not, or probably would not, be able to be adjudicated while fully 'live.'" *Dow Chemical Co. v. EPA,* 605 F.2d 673, 678 n. 12 (3d Cir.1979). However, we do not believe that any reasonable expectation exists that appellants will again be subpoenaed to testify about Larson's income because Larson has since entered a guilty plea to federal income tax evasion charges. The term of the grand jury before which appellants were to testify has expired, and the grand jury has been dismissed and is no longer subject to special recall. There is no indication in the record that Larson remains under investigation. Under these circumstances, we believe the "capable of repetition, yet evading review" exception is not

applicable and that the appeal has thus become moot. *Cf. Leppig v. Martin,* 386 F.2d 190, 190 (5th Cir.1967) (per curiam) (appellee adjudged in contempt for failure to answer questions before state grand jury was granted relief from commitment order by petition for writ of habeas corpus; appeal dismissed as moot because term of grand jury before which appellee had been summoned had expired). *But cf. United States v. Frumento,* 552 F.2d 534, 540–41 (3d Cir.1977) (banc) (appeal from contempt order not moot because "fundamental personal liberties" were at issue; government indicated intention to subpoena witness again); *Bursey v. United States,* 466 F.2d 1059, 1089 (9th Cir.1972) (appeal held not moot where "strong likelihood" that government would convene another grand jury to obtain same information).

Accordingly, we vacate the orders finding appellants in contempt of court and remand with the directions to the district court to dismiss the cases as moot.

**4.** *See* 28 U.S.C. § 1826(b) (appeals from order of confinement of recalcitrant witness must be disposed of not later than 30 days from the filing of such appeal); *e.g., Melickian v. United States,* 547 F.2d 416, 418–19 (8th Cir.), *cert. denied,* 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977).

The 30-day rule is not implicated where the contemnor is not confined pursuant to the contempt order. *See, e.g., In re Witness Before the Special Oct. 1981 Grand Jury,* 722 F.2d 349, 353 (7th Cir.1983); *In re Rosahn,* 671 F.2d 690, 694 (2d Cir.1982).