**In re SEALED CASE (Three Cases).**

**Nos. 87–5261, 87–5264 and 87–5265.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 25, 1987.

Before RUTH BADER GINSBURG, SILBERMAN, and WILLIAMS, Circuit Judges.

**PER CURIAM:**

Appellants in these cases refused to comply with district court orders to testify in response to grand jury subpoenas, whereupon the district court summarily ordered their confinement pursuant to 28 U.S.C. § 1826(a). The district court stayed appellants' confinement pending their appeals to this court. Appellants noticed their appeals on August 19, 1987; we promptly expedited the appeals, *see* 28 U.S.C. § 1657(a), set a rapid briefing schedule, and, on September 16, heard oral argument. We now settle a timing question: when an appellant remains at liberty pending appeal, does the thirty-day time limit for decision specified in 28 U.S.C. § 1826(b) nonetheless apply? We hold, in common with most courts with published rulings on the point, that the thirty-day limit is inapplicable to appellants who are not incarcerated during the pendency of the appeal.

Captioned "[r]ecalcitrant witnesses," 28 U.S.C. § 1826 authorizes district court judges to order, summarily, the confinement of individuals who refuse to comply with grand jury subpoenas. *Id.* § 1826(a). The statute further provides, in section 1826(b):

No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

In *In re Sealed Case,* 794 F.2d 749, 750–51 (D.C.Cir.1986), we reviewed the pre-enactment history of this prescription. The original Senate bill denied bail to all contemnors pending appeal. Sensitive to the situation of contemnors who had meritorious grounds for appeal, the Department of Justice proposed a thirty-day notice-of-ap-

peal to disposition time frame. A later Senate bill included a stringent bail provision, and also adopted the thirty-day limit. The House bill, however, coupled a generous bail standard (disqualification for bail if "it appears that the appeal is frivolous or taken for delay") with the thirty-days for decision prescription. *Id.* at 751.

When a contemnor is incarcerated pending appeal, some courts apply an "automatic-release rule"—if the court's disposition does not occur within the thirty-day time frame, the court nevertheless retains authority to decide the appeal, but orders the contemnor's release pending its disposition. *See Melickian v. United States,* 547 F.2d 416, 419 (8th Cir.), *cert. denied,* 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977); *accord In re Grand Jury Proceedings,* 776 F.2d 1099, 1102 (2d Cir.1985) (although "protection afforded contemnors by the 30–day provision is not jurisdictional," when the provision is drawn to court's attention, court should either decide merits immediately if thirty days have elapsed, or release contemnor pending decision).

In *In re Sealed Case, supra,* we agreed that the court retains authority to decide the case despite the passage of thirty days, but we declined to adopt for our circuit the "automatic-release rule." Congress, we said, meant to limit the incarceration exposure of contemnors with meritorious appeals; it did not contemplate protecting the contemnor whose appeal was frivolous. The interim release remedy that Congress ultimately provided, we observed, was bail. We did not think it within our province to add a further provisional remedy. We did note, however, that in view of the thirty-day limit, an incarcerated contemnor might resort to mandamus to prompt decision of his appeal. 794 F.2d at 750 n. 1.

*In re Sealed Case* established as the law of our circuit that the time prescription in 28 U.S.C. § 1826(b) is not "jurisdictional," *i.e.,* we remain empowered to decide the

appeal on the merits although we do not "rush to judgment" within thirty days. When the contemnor is incarcerated, therefore, one might say we are "impelled," but not inflexibly "compelled," to observe the thirty-day prescription.

When the contemnor is not confined, what role does the time prescription play? In *In re: Sealed Case,* 825 F.2d 494, 496 n. 1 (D.C.Cir.1987) (per curiam), we noted the question, but did not definitively resolve it, although we had the case *sub judice* more than thirty days.

We see no reason to further defer clear statement of our position. We therefore align our circuit with sister courts that have held the thirty-day limit of 28 U.S.C. § 1826(b) inapplicable when the contemnor remains at liberty. *See In re Witness Before Special October Grand Jury,* 722 F.2d 349, 353 (7th Cir.1983); *see also In re Grand Jury Proceedings re: Larson,* 785 F.2d 629, 631 n. 4 (8th Cir.1986); *In re Weiss,* 703 F.2d 653, 660 n. 6 (2d Cir.1983).[1] We are mindful, however, that we are obliged to "expedite the consideration of any action brought under . . . section 1826." 28 U.S.C. § 1657(a).

The thirty-day prescription of 28 U.S.C. § 1826(b) was intended to protect from protracted confinement without appellate approbation the incarcerated "recalcitrant witness." When the witness is at liberty, the basis for the inflexible specification vanishes. While cases of this genre merit and must receive expedited treatment, *see id.* § 1657(a), fair and complete consideration is sometimes impossible "not later than thirty days from the filing of [the notice of] appeal." *Id.* § 1826(b). Instead of rushing headlong to meet a rigid deadline,[2] this court has strived and will continue to strive to decide "recalcitrant witness" appeals "as soon as practicable."

---

**1.** Only one decision we have found is in square conflict. In *Matter of Berry,* 521 F.2d 179, 181 (10th Cir.1975), the Tenth Circuit, without discussion, held the thirty-day specification mandatory, therefore forcing judgments despite inadequate opportunity to consider the materials and arguments presented.

**2.** In this case, one that is both novel and vigorously debated by the parties and several amici, we would have, were the thirty-day limit applicable, only two days after argument to arrive at and announce our disposition.