### In re GRAND JURY PROCEEDINGS (GJ90–2), Petitioner–Appellant,

### No. 91–8305.

United States Court of Appeals, Eleventh Circuit.

Oct. 24, 1991.

Donald F. Samuel, Garland & Samuel, P.C., Atlanta, Ga., for petitioner-appellant.

H. Allen Moye, Asst. U.S. Atty., O.C.D.E.T.F., Region VI, Atlanta, Ga., for appellee.

Before ANDERSON, Circuit Judge, CLARK, Senior Circuit Judge, and BROWN *, Senior District Judge.

ANDERSON, Circuit Judge:

In this case, the appellant attorney[1] appeals from an order of the district court

* Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation.

1. This opinion eliminates any reference to the names of the parties so that the sealed nature of this case will not be compromised. The opinion uses the fictitious name "Jones" for appellant's

holding him in contempt of court for refusing to disclose the identity of his client to the grand jury.

## I.  FACTS

"Smith" was indicted on drug charges and arrested. "Jones," whose real name is unknown, sought legal advice from appellant, an attorney. Jones wanted appellant to represent him for one or both of the following purposes: because Jones himself had potential liability with respect to the drug transaction for which Smith had been arrested; and because Jones wanted legal advice concerning whether Jones would be implicated in the drug transaction if he assisted Smith in obtaining legal representation. Jones requested that appellant represent both Jones and Smith, but appellant declined because of a possible conflict of interest. Appellant then contacted a second attorney to inquire whether he was available to represent Smith. After questioning the second attorney, the grand jury subpoenaed appellant and asked him to reveal the name of his own client, who had been implicated in the conspiracy with Smith. Appellant declined to do so, on the basis that the identity of his client was protected by the attorney-client privilege. The district court ordered appellant to reveal his client's identity; when appellant refused, the district judge found him in contempt of court. The district court's order was stayed pending appeal, so that appellant is not incarcerated.

## II.  RATIONALE OF THE DISTRICT COURT

The district court held that the identity of a client is not normally protected by the attorney-client privilege, but that the last link exception affords protection when disclosure of nonprivileged information such as a client's identity would provide the last link in a chain of incriminating evidence

client, whose real name is actually known only to appellant and whose identity is the central issue in the case. The opinion uses the fictitious name "Smith" for the known defendant who has been indicted and arrested on drug charges.

and would also disclose other privileged information, such as the client's motive for seeking legal advice. The district court held that the last link exception did not apply in this case, because Jones' motive for seeking legal advice was already clear, and thus was not subject to further disclosure.

## III. DISCUSSION

██ The district court addressed only one prong of the narrow last link exception, i.e., the disclosure-of-other-privileged-information test. The district court held that this test was not satisfied in this case, because the other privileged information (i.e., Jones' motive for seeking legal advice) was already known by the government and thus was not subject to further disclosure. We address only the particular rationale of the district court with respect to the disclosure-of-other-privileged-information prong. We reverse, because the rationale of the district court is inconsistent with binding precedent.

In *In re Grand Jury Proceedings (Jones)*, 517 F.2d 666 (5th Cir.1975),[2] the former Fifth Circuit addressed the circumstances under which a client's identity is protected by the attorney-client privilege. In *Jones*, several attorneys were subpoenaed to appear before the grand jury. Claiming the attorney-client privilege, each refused to answer questions regarding the identities of third-party clients who might have furnished bond money or paid (or promised to pay) attorneys' fees for their known clients. In reversing the attorneys' contempt citations, the court noted that, while the identity of a client is not normally privileged information, *Id.* at 670–71, under certain circumstances an attorney is required to conceal a client's identity:

> Just as the client's verbal communications are protected, it follows that other information, not normally privileged, should also be protected when so much of the substance of the communication is already in the government's possession that additional disclosures would yield substantially probative links in an existing chain of inculpatory events or trans-

actions.... The attorney-client privilege protects the motive itself from compelled disclosure and the exception to the general rule protects the clients' identities when such protection is necessary in order to preserve the privileged motive. *Id.* at 674–75. *See also In re Grand Jury Proceedings 88–9 (Newton)*, 899 F.2d 1039 (11th Cir.1990); *In re Slaughter*, 694 F.2d 1258 (11th Cir.1982); *In re Grand Jury Proceedings (Twist)*, 689 F.2d 1351, 52–53 (11th Cir.1982).

In *In re Grand Jury Subpoena (DeGuerin)*, 926 F.2d 1423 (5th Cir.1991), the Fifth Circuit held that the identity of a client who paid the attorneys' fees of a known defendant was protected by the attorney-client privilege. The court found that exposure of the third party client's identity "would expose as obvious the confidential purpose for which [the unidentified client] sought DeGuerin's legal advice." *Id.* at 1431. This is precisely the situation here. The government asserts that it already knows Jones' incriminating motive for seeking legal advice, so that disclosure of his identity will reveal nothing further. This argument is disingenuous, however. The crucial fact is that the person we fictitiously call Jones was the one who was motivated to seek legal advice. Appellant cannot reveal Jones' name without also revealing this fact.

Likewise, in *In re Grand Jury Proceeding, Cherney*, 898 F.2d 565 (7th Cir.1990), the Seventh Circuit found that the identity of a client and co-conspirator who had paid a known defendant's legal fees could not be disclosed, because its disclosure "would be tantamount to revealing the premise of a confidential communication: the very substantive reason that the client sought legal advice in the first place." *Id.* at 568.

With respect to the narrow issue we address—i.e., the district court's rationale that the disclosure-of-other-privileged-information test was not satisfied because the government already knew the motive, the other privileged information—*Jones, DeGuerin*, and *Cherney* involved the precise situation before this court. In these cases,

---

**2.** This case was decided prior to the close of business on September 30, 1981, and is binding

precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

the government knew that whoever had contacted the attorney had done so because he was concerned about his own potential liability with respect to the criminal transaction. The only thing the government did not know was this person's identity. As the cases make clear, the disclosure-of-other-privileged-information test is satisfied in such circumstances. Accordingly, we hold that the rationale of the district court was erroneous.

In the alternative, the government argues that the judgment of the district court can be affirmed on a different ground, i.e., the "crime or fraud" exception to the attorney-client privilege. The government brief to the district court presented the crime-fraud issue, but the district court did not address the issue in light of its holding above discussed. We decline to address the crime-fraud issue in this posture, because we prefer that the district court address the issue in the first instance, and also because it is possible that further development of relevant facts will be appropriate.

The judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

■ VACATED and REMANDED.[3]

---

**3.** 28 U.S.C. § 1826(b) provides that:

Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than 30 days from the filing of such appeal.

The appellant noticed this appeal more than 30 days ago. However, we conclude that 28 U.S.C. § 1826(b) does not apply when, as here, the recalcitrant witness is at liberty pending appeal. In so holding, we join all of the circuits which have squarely addressed the issue. *See In re Grand Jury Matter,* 906 F.2d 78, 82–83 (3d Cir. 1990), *cert. denied sub nom. Backiel v. United States,* —— U.S. ——, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990); *In re Sealed Case,* 829 F.2d 189 (D.C.Cir.1987); *In re Grand Jury Proceedings,* 785 F.2d 629, 631 n. 4 (8th Cir.1986); *United States v. Johnson,* 736 F.2d 358, 361–62 n. 5 (6th Cir.1984); *In re Witness Before Special October 1981 Grand Jury,* 722 F.2d 349, 353 (7th Cir. 1983); *In re Rosahn,* 671 F.2d 690, 694 (2d Cir.1982); *Brown v. United States,* 465 F.2d 371, 372 (9th Cir.1972). *But see In re Berry,* 521 F.2d 179 (10th Cir.), *cert. denied,* 423 U.S. 928, 96 S.Ct. 276, 46 L.Ed.2d 256 (1975) (holding that the statute's 30 day provision is mandatory and may not be extended; and dicta that it may not be extended by release from incarceration). The foregoing cases have noted that the legislative history indicates that the purpose of the 30 day provision was to protect the incarcerated recalcitrant witness from protracted confinement without appellate review. Where the witness is not incarcerated, the concerns underlying the 30 day provision are not implicated. This circuit has an established practice of permitting an order extending the 30 day provision. *In re Grand Jury Proceedings,* 605 F.2d 750 (5th Cir.1979). We now hold that the 30 day provision is inapplicable when the recalcitrant witness is not incarcerated, although such cases of course should be disposed of expeditiously.