COMMONWEALTH *vs.* DANIEL PARZYCK.

No. 94-P-736.

Hampshire. September 6, 1995. - August 26, 1996.

Present: SMITH, GILLERMAN, & FLANNERY, JJ.

*Practice, Criminal,* Plea, Sentence, Agreement between prosecutor and defendant. *District Attorney.*

In a criminal proceeding the defendant was entitled to rely on a clear and unequivocal plea bargain with the Commonwealth [197-199]; in the circumstances, the appropriate remedy for the prosecutor's breach of the agreement was for the defendant to be resentenced before a different judge and the prosecutor is to make the sentence recommendation to which he originally agreed [199].

INDICTMENT found and returned in the Superior Court Department on April 19, 1989.

A motion to withdraw a plea of guilty, filed on September 1, 1992, was considered by *John F. Murphy, Jr., J.*

*Robert J. Wheeler, Jr.,* for the defendant.

*Deborah M. Clark,* Assistant District Attorney, for the Commonwealth.

SMITH, J. On September 20, 1989, the defendant pleaded guilty in the Superior Court to one count of breaking and entering in the nighttime with intent to commit a felony and one count of larceny in a building. The defendant's guilty pleas were the result of a plea bargain made with the prosecutor. The details of the bargain were as follows: (1) the defendant would plead guilty to both counts of the indictment; (2) the prosecutor would recommend a five-to-seven year State prison sentence, but the defendant could argue for a lesser sentence; (3) if the defendant received a State prison sentence, the district attorney's office would recommend a concurrent house of correction sentence on cases that the defendant had

pending in the Northampton District Court.[1] After the plea colloquy, the judge sentenced the defendant to from not less than five to not more than seven years at M.C.I., Cedar Junction, on the breaking and entering count and a concurrent from three to five year sentence on the larceny charge.[2]

On April 2, 1990, the defendant pleaded guilty in the Northampton District Court to the charges that had been the subject of the plea negotiations. In accordance with the plea agreement made in the Superior Court, the prosecutor recommended in the District Court a sentence concurrent with the defendant's State prison sentence. The judge accepted the guilty plea but then exceeded the joint recommendation, imposing a house of correction sentence that was to be served on and after the sentence imposed in the Superior Court matter. However, because the judge had not afforded the defendant an opportunity to withdraw his guilty pleas once the judge imposed a sentence that exceeded the joint recommendation, see Mass.R.Crim.P. 12(c)(2), as amended, 399 Mass. 1215 (1987), the District Court judge later allowed the defendant's motion for a new trial. The defendant, pursuant to the de novo system then in effect, had a jury trial. He was convicted on all three charges.

At the time of sentencing in the District Court, the prosecutor recommended a house of correction sentence to be served *on and after* the State prison sentence, contrary to the plea agreement entered into in the Superior Court. The judge imposed sentences of four and one-half years in the house of correction to be served on and after the State prison sentence.

This sentence was subsequently revised to two and one-half years in the house of correction to be served on and after the State prison sentence. This court then reversed the defendant's conviction for reasons unrelated to this appeal in an unpublished memorandum and order pursuant to Appeals Court Rule 1:28, 36 Mass. App. Ct. 1117 (1994). The defendant was retried and on September 14, 1994, was convicted of assault

[1] The charges in the Northampton District Court included assault and battery by means of a dangerous weapon, assault by means of a dangerous weapon, and assault.

[2] We note that the judge was not informed of the plea agreement by the lawyers in violation of Mass.R.Crim.P. 12(b)(2), 378 Mass. 867 (1979). That violation by itself, while regrettable, does not affect our decision. *Commonwealth* v. *Whitford*, 16 Mass. App. Ct. 448, 453 (1983).

and battery with essentially the same sentence imposed. The Commonwealth argues that the prosecutor's recommendation at the conclusion of the first jury trial is the conduct at issue in this appeal. The defendant contends, however, that the Commonwealth was required to recommend concurrent sentences "throughout."

On September 1, 1992, the defendant filed a motion to withdraw his guilty pleas in the Superior Court. He claimed that the Commonwealth violated the terms of the agreement when the prosecutor failed to recommend that the sentences imposed in the District Court be concurrent with the sentences imposed in the Superior Court. The Superior Court judge denied the motion ruling that, if any grounds existed for the motion, they were at the District Court level and not in the Superior Court.

"[W]hen the prosecutor enters into plea bargain agreements, 'the court will see that due regard is paid to them, and that the public faith which has been pledged by him is duly kept.'" *Commonwealth* v. *Santiago*, 394 Mass. 25, 28 (1985), quoting from *Commonwealth* v. *Benton*, 356 Mass. 447, 448 (1969). "The touchstone for determining whether a defendant has been improperly denied the advantages he expected . . . is whether that defendant has reasonable grounds for reliance on his interpretation of the prosecutor's promise, and whether the defendant in fact relied to his detriment on that promise." *Commonwealth* v. *Santiago, supra. Commonwealth* v. *Doe,* 412 Mass. 815, 819 (1992).

The defendant claims that the plea bargain that he entered into in the Superior Court was clear and unequivocal. It was agreed that, if he pleaded guilty in the Superior Court and received a State prison sentence which the prosecutor had recommended, the prosecutor would then recommend in the District Court that the defendant receive a house of correction sentence concurrent with his State prison sentence.

The Commonwealth challenges the defendant's interpretation of the plea agreement and sets forth several reasons why the prosecutor was entitled to make a different recommendation at the District Court level. First, the Commonwealth claims that the defendant violated the terms of the plea bargain in the District Court when he disputed the facts that were being read into the record by the prosecutor. We disagree. There is nothing in the plea agreement that states that

the defendant must agree to all the facts as read into the District Court record by the prosecutor.

Second, the Commonwealth argues that the defendant was not justified in relying on the prosecutor's promise because the prosecutor could not guarantee what sentence the judge would impose in the District Court. This argument also fails. The plea agreement did not guarantee a sentence; it stated that the prosecutor would *recommend* the agreed-upon sentence, which he did not do. *Commonwealth* v. *Santiago,* 394 Mass. at 28.

Third, the Commonwealth argues that, when the judge allowed the defendant to withdraw his plea and go to trial in District Court, the Commonwealth was no longer bound by the agreement. The Commonwealth asserts that there is no indication that it agreed to sustain the recommendation after a trial. This argument also fails because the Commonwealth never predicated the bargain on there being a guilty plea in District Court. The focus of the bargain was the defendant pleading guilty in *Superior Court,* not District Court. The defendant performed his part of the bargain in reliance on the prosecutor's promise to recommend a concurrent sentence in District Court. Whether or not the defendant pleaded guilty in District Court, in these circumstances, is irrelevant.

Next, the Commonwealth argues that, in the middle of his first jury trial, the defendant allegedly sought to change his plea and requested a sentence in excess of the sentence contained in the plea agreement, and therefore, he cannot claim that he is now prejudiced by the prosecutor's recommendation. The requested sentence was not in excess of the sentence contained in the plea agreement. In addition, the defendant's attempt to bring his trial to a conclusion by tendering a plea to the judge did not entitle the prosecutor to renege on the deal. Regardless of what occurred during the first trial, the defendant was still entitled to rely on the plea agreement that was made in the Superior Court.

Finally, the Commonwealth claims that, because the defendant is no stranger to the criminal justice system, he should have been aware of the possibility that the judge would reject a guilty plea and impose a harsher penalty. This argument is without merit. A judge cannot impose a sentence in excess of the recommended sentence without giving the defendant an opportunity to withdraw his plea. See Mass.R.Crim.P.

12(c)(2). The defendant was entitled to rely on the prosecutor to recommend a concurrent sentence. His familiarity with the system did not justify the breach of the agreement.

In sum, the defendant "ha[d] reasonable grounds for reliance on his interpretation of the prosecutor's promise," *Commonwealth* v. *Santiago*, 394 Mass. at 28, and the defendant relied on the bargain to his detriment — he pleaded guilty in the Superior Court. See *Commonwealth* v. *Tirrell*, 382 Mass. 502, 512 (1981)(when defendant goes forward with guilty plea and prosecutor sets harsher terms than agreement called for, there is detrimental reliance); *Doe* v. *District Attorney for the Plymouth Dist.*, 29 Mass. App. Ct. 671, 673 (1991)(detrimental reliance occurs not only when guilty plea is entered, but can also occur before defendant enters a guilty plea).

We now turn to the proper remedy for the violation. "[P]lea bargaining is often analogized to a contractual negotiation." *Commonwealth* v. *Tirrell*, 382 Mass. at 512. It has been held that "[s]pecific performance may be appropriate 'when a plea rests in any significant degree on a promise or agreement of the prosecutor.' " *Blaikie* v. *District Attorney for the Suffolk Dist.*, 375 Mass. 613, 618 (1978), quoting from *Santobello* v. *New York*, 404 U.S. 257, 262 (1971). In that regard, the First Circuit has " 'repeatedly expressed a *preference* for specific performance of the agreement by resentencing before a different judge rather than vacating pleas,' for '[o]nce that is done, a defendant "will obtain all he says he was promised" ' " (emphasis in original). *United States* v. *Clark*, 55 F.3d 9, 14 (1st Cir. 1995), quoting from *United States* v. *Kurkculer*, 918 F.2d 295, 300 (1st Cir. 1990). We adopt that remedy here.

Because breach of the plea bargain at issue occurred in the District Court, the Superior Court judge properly denied the defendant's motion to withdraw the guilty plea entered in that court. The defendant, however, is entitled to have the District Court judgment entered on September 14, 1994, vacated; but the verdict shall stand, and the defendant must be brought forthwith before the District Court to be resentenced. The prosecutor at the sentencing hearing must make, to the judge, the sentence recommendation he agreed to at the time of the defendant's guilty pleas in the Superior Court.

*So ordered.*