# RESCRIPT OPINIONS.

Commonwealth vs. Samuel Ewe.[1] No. 96-P-1029. June 27, 1997. *Practice, Criminal,* Agreement between prosecutor and defendant, Plea.

In return for a reduction in the drug charges against him, the defendant agreed to assist the government in investigating drug traffic, largely through participation in controlled drug buys. That agreement was reduced to writing. It is the defendant's contention that he performed his end of the bargain, but that the government did not when it failed to reduce the charge against him to one which carried a mandatory minimum sentence of three years.

What the defendant had faced was a minimum sentence of fifteen years for trafficking in 200 grams or more of cocaine. G. L. c. 94C, § 32E(*b*)(4). He had been observed turning over a shopping bag with more than 200 grams of cocaine in it to a man who, in turn, sold the bag to a State trooper posing as a buyer. As a first step of the plea reduction and cooperation agreement, the defendant was to "provide substantial assistance to law enforcement authorities," and the Commonwealth would interpose no objection to a plea of guilty to a charge of trafficking in over 100 grams, an offense that carried a mandatory minimum sentence of ten years. Step two of the agreement was expressed as follows:

> "In the event that the Commonwealth decides that [the defendant] has provided substantial assistance, the Commonwealth will not oppose [the defendant's] motion for a new trial, which will allow [the defendant] to withdraw his guilty pleas discussed above. [The defendant] will immediately then plead to new charges as determined in the sole discretion of the Commonwealth, but in no event will such charges impose [*sic*] a sentence involving more committed prison time than the charges [the defendant] originally pleaded guilty to. The only restriction on the discretion of the Commonwealth as herein provided, is that the Commonwealth will act in good faith and consistent with charge concessions and sentence recommendation accommodations given in similar cases under similar conditions."

Over the next several months, the defendant placed his personal safety at risk in connection with controlled buys of more than twenty ounces of cocaine. Those buys resulted in the arrest of four dealers. The assistant at-

---

[1]A pseudonym. Proceedings in this case were impounded by order of a single justice because the defendant's actions in the case resemble those of a confidential informer.

torney general assigned to the defendant's case recommended to his supervisors that the charge against the defendant be reduced to trafficking in more than fourteen (but less than twenty-eight) grams of cocaine, an offense which carried a mandatory minimum sentence of three years. The chief of the narcotics division and the chief of the criminal division thought that on the basis of the quantity of the drug buys to which the defendant had been a party, a five-year sentence on a charge of trafficking in more than twenty-eight grams was a fair reduction. They thought that for reduction to a three-year sentence, the defendant ought to have produced a transaction in the kilogram range.

Reduction to a five-year offense, the defendant thought, did not represent good faith performance by the Commonwealth on its agreement. As to that question there was an evidentiary hearing before a judge of the Superior Court, who found that the Commonwealth had acted in good faith within the terms of the agreement when it assented to reduction of the charge against the defendant to trafficking in twenty-eight or more grams of cocaine. Now the defendant was in a dilemma: if he did not plead guilty to the five-year offense, he would be left with the ten-year offense to which the initial fifteen-year offense had been reduced through step one of the agreement. The defendant chose the sure course of pleading guilty to the twenty-eight (but less than 100) gram indictment. The defendant received the concomitant five-year minimum mandatory sentence.[2] As the defendant had only a Hobson's choice[3] about pleading guilty to the five-year offense, we do not regard the entry of the guilty pleas as constituting a waiver of the right to contest whether the government had performed faithfully under the plea reduction agreement.

When an accused has relied to his detriment (e.g., by acting as an informer or stalking horse) on a prosecutor's promise of favorable treatment, we enforce such a promise on principles of contract law. *Commonwealth* v. *Smith*, 384 Mass. 519, 521-522 (1981). *Commonwealth* v. *Santiago*, 394 Mass. 25, 28 (1985). *Doe* v. *District Attorney for the Plymouth Dist.*, 29 Mass. App. Ct. 671, 673-674 (1991). If an identifiable and enforceable contract does not exist, we consider whether principles of fundamental fairness call for fulfillment of the reasonable expectations of the accused. *Commonwealth* v. *Doe*, 412 Mass. 815, 818-819 (1992). The language of the plea reduction and cooperation agreement left to the Commonwealth's discretion the determination whether the defendant had provided substantial assistance to law enforcement authorities and, if so, what the appropriate charge reduction would be. Those decisions had to be made by the prosecutors in good faith. What was in good faith might be measured by comparison with charge concessions in similar cases and by the manner in which the prosecutors were able to justify their decision. Here, the senior prosecutors weighed whom the defendant was prepared to testify against

---

[2]The defendant also entered a plea of guilty to conspiracy to violate the controlled substances act, for which he received a sentence of from six to ten.years, from and after the trafficking sentence, suspended, with probation for two years.

[3]Hobson, it will be recalled, was an English liveryman who required his customers to take the horse nearest the stable door or none; thus, they had an apparently free choice but no real alternative. See The American Heritage Dictionary 859 (3d ed. 1992).

and whom not, and the quantities of drugs involved in the buys with which the defendant cooperated. On the basis of their experience, a reduction to a mandatory minimum of five years was appropriate. That the defendant and his counsel are deeply persuaded that he merited a reduction to a three-year offense does not translate into an enforceable agreement or facts which make a higher level of sentence unconscionable. The facts and the terms of the undertaking by the Commonwealth support the judge's determination that the government had not acted in bad faith.

The conviction for trafficking in cocaine in an amount between twenty-eight and 100 grams is affirmed, as is the sentence of five years and one day that the judge imposed.

*Judgments affirmed.*

*Hugh W. Samson* for the defendant.

*William J. Duensing*, Assistant Attorney General, for the Commonwealth.