FREDERICK J. WHITE *vs.* CITY OF BOSTON.

Suffolk.    March 7, 8, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Competency, Self serving statements.    *Witness*, Cross-examination.    *Practice*, *Civil*, Exceptions.

On a petition for the assessment of damages for the taking of land by a board of park commissioners, the petitioner was allowed to show that he bought two undivided thirds of the land from his two brothers and to prove what was said when that trade was made, but was not allowed to show an understanding of his brothers and himself, not expressed, that the land contained a number of square feet less than it subsequently was found to contain, and that he bought the land for seventy-five cents a square foot although he paid less than that rate by the actual measurement.    It appeared that five years had elapsed and that the brothers had made no claim on the petitioner founded on the alleged mistake of fact.    *Held*, that the exclusion was right.

Where, on a petition for the assessment of damages for the taking of land, the presiding judge has limited each party to seven expert witnesses, it is right for the judge after the petitioner has examined his seven witnesses to prevent the petitioner from extracting an expert opinion on the cross-examination of a witness called by the respondent not as an expert.

On a petition for the assessment of damages for a taking of land by a board of park commissioners, the petitioner cannot put in evidence letters from himself to the commissioners written after the land was taken, and it does not matter that one of the letters was written before the petitioner knew of the taking, if when he sent the letter he knew of the taking and intended the letter to affect his claim.

No exception lies to the exclusion of a question based on the assumption of a fact which is not in evidence.

No exception lies to a refusal to give instructions which are given in substance.

PETITION, filed August 31, 1900, for the assessment of damages for the taking on September 14, 1899, by the board of park commissioners of the city of Boston of a lot of land containing one hundred and twenty-nine thousand seven hundred and forty square feet, on the westerly side of Chestnut Hill Avenue near the Chestnut Hill Reservoir in that part of Boston called Brighton.

In the Superior Court the case was tried before *Fox*, J.    The jury returned a verdict for the petitioner in the sum of $118,511 ; and the petitioner alleged exceptions, raising the questions stated by the court.

*C. F. Choate, Jr.*, (*A. F. Hayden* with him,) for the petitioner.

*T. M. Babson*, for the respondent.

LORING, J.　1. In support of his first exception the petitioner has argued that he was precluded from proving that he bought two undivided thirds of the land for seventy-five cents a foot. That is not so. He was allowed to prove what was said when the trade was made by which he bought these two thirds of this lot. What the judge ruled was that the "secret understandings" of the petitioner who bought and of his brothers who sold were not admissible. The ruling was right, even if we assume in favor of the petitioner that what he was ready to show was that the parcel of land in question was assumed by these brothers to contain one hundred and twenty thousand in place of one hundred and twenty-nine thousand seven hundred and forty square feet. If there was such an assumption, it would have had no greater effect than to entitle the two brothers to avoid the sale on the ground that it was made under a mutual mistake of fact. But it was not pretended that the two brothers who sold had put forward such a claim in the five years which had elapsed between the purchase and sale and the trial. Without any claim having been put forward founded on this mutual mistake of fact, the existence of the mutual mistake was immaterial, and it is not necessary to consider whether the fact that there was a mutual mistake would have had any other significance than to make inadmissible this sale which the petitioner was putting in evidence.

2. It is too plain for discussion that the order of the presiding judge limiting each party to seven expert witnesses prevented the petitioner (who had already put his seven on the stand) from extracting on cross-examination an expert opinion from a witness called by the respondent as an ordinary and not as an expert witness.

3. The letters of the petitioner sent to the park commissioners after the land was taken were properly excluded. Although the first was written before the petitioner knew his land had been taken, his purpose and his only purpose in sending it after he had notice of it was that it might be material (as he says in the postscript) "in regard to a settlement of any part of my claims." A party cannot make evidence for himself.

4. The next exception is to the exclusion of this question put to the witness Corthell with regard to one Rogers: " Does he get any other compensation or any other return for what he does for you, or does he get any compensation in any way for what he does for you, except as he gets it out of the consideration you show him in your transactions with him?" There was no evidence that Rogers got any compensation by way of consideration shown him in the transactions with him by Corthell and his land company, and the question was properly excluded as based on an assumption which was not in evidence.

5. The other exception was " to the refusals of the court to give the instructions requested, except so far as covered by the charge." The rulings requested were all given in substance in the charge.

*Exceptions overruled.*