No. 50,517

STATE OF KANSAS, *Appellee,* v. STEVEN W. PARSON, *Appellant.*

(601 P.2d 680)

Opinion filed October 27, 1979.

*Randy S. Stalcup,* of Kidwell & Williamson, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Stuart W. Gribble,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: Appellant Steven Parson appeals from a conviction of involuntary manslaughter (K.S.A. 21-3404) in a trial to the court. The charge stems from an automobile accident in which his car

collided with a car driven by a Mr. Steven R. Baptist. Baptist was killed in the accident. Appellant appeals. We affirm.

The undisputed facts are as follows: Appellant Steven Parson and Steven R. Baptist were involved in an automobile accident at about 3:40 a.m. on February 4, 1978. It appeared to be almost a head-on collision on South Broadway in Wichita. There were no other persons involved and no eye witnesses. The officers arrived at 3:42 a.m. and thereafter Parson and the body of Steven Baptist were taken by ambulance to St. Joseph Medical Center in Wichita. Parson was examined by Dr. Thomas Hayes, emergency room physician, at 4:25 a.m. Hayes ordered urine and blood alcohol tests be given the defendant as well as a blood count. The blood alcohol test showed appellant's blood alcohol level to be 0.14, indicating intoxication pursuant to K.S.A. 8-1005(*b*).

Appellant was charged with involuntary manslaughter (K.S.A. 21-3404). The information reads:

"Steven W. Parson, did then and there unlawfully, willfully, unintentionally kill a human being, to-wit: Steven R. Baptist, while in the commission of an unlawful act not amounting to a felony, to-wit: drive a motor vehicle, to-wit: 1970 Oldsmobile bearing license #SG-R-6986, at approximately 162 feet north of 63rd Street South on South Broadway, Sedgwick County, Kansas, while under the influence of intoxicating liquor, contrary to K.S.A. 8-1567, and did drive the aforedescribed motor vehicle left of the center lane at said location, contrary to K.S.A. 8-1514; contrary to K.S.A. 21-3404 (Involuntary Manslaughter, Class E Felony)."

Appellant waived a jury trial. The court tried the case and found Parson guilty as charged and sentenced him to prison for not less than one nor more than five years, then granted him probation. From this judgment appellant appeals.

Appellant claims the trial court erred in admitting Dr. Hayes' testimony because it is barred by the physician-patient privilege under K.S.A. 60-427. He argues the privilege is applicable in a misdemeanor action and seeks to advance the novel theory that because the felony with which he is charged is made up of "three entirely separate and distinct charges only one of which is a felony," the State cannot use the physician's testimony to prove the misdemeanors. Without that testimony, the felony charge cannot be proven. His argument is without merit. K.S.A. 60-427(*b*) clearly states the privilege may be invoked only "in a civil action or in a *prosecution* for a misdemeanor . . . ." See *State v. Humphrey,* 217 Kan. 352, 537 P.2d 155 (1975); *State v.*

*Campbell,* 210 Kan. 265, 500 P.2d 21 (1972). This case is neither a civil action nor a prosecution for a misdemeanor. The physician-patient privilege may not be invoked.

Appellant next asserts the blood alcohol test result was not admissible in the absence of a showing that the test procedure was accepted as reliable by the witness and by experts in the field. As a second part of this issue, appellant urges the blood alcohol test results contain no probative value because the sample of blood was taken approximately one hour after the accident.

Appellee argues these issues are not before the court because appellant failed to raise timely objections during trial. Appellant's objections to the issues were made for the first time in his argument for judgment of acquittal.

The contemporaneous objection rule has its origin in K.S.A. 60-404, which states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

This statute is intended to prevent reversals for improper admission of evidence unless a specific objection is made at the time the evidence is introduced. It does not, however, operate in a vacuum and has been relaxed to fit trial situations, such as where the objectional matter isn't readily apparent or in a trial to the court rather than to a jury. In *State v. Gordon,* 219 Kan. 643, 652, 549 P.2d 886 (1976), we stated:

"Ordinarily, failure to make timely, specific objection to the admission of evidence will bar consideration of the admissibility question on appellate review. [Citation omitted.] Here, the appellant's objection was not 'timely' in the strict sense, but there is no doubt the district court was apprised of the issue before it rendered its decision . . . . What transpired is consistent with the rationale underlying the contemporaneous objection rule—i.e. objecting to admissibility and stating the grounds therefore permits the court to preclude improper evidence from affecting the decision. This was a trial by the court; no jurors had been swayed by the improper evidence. The court had not rendered its decision when the issue was raised, and we think under the circumstances of this case the spirit if not the letter of the contemporaneous objection rule was satisfied."

Such is the situation in the instant case. The court and opposing counsel were apprised of appellant's objections to the evidence in his argument on the motion for judgment of acquittal at the close of the State's case, giving each ample notice of the

specific objections prior to the decision. We hold appellant's objections to the admission of appellee's evidence were sufficiently timely in this case to obtain appellate review.

Now let us turn to the merits of appellant's objections. First he maintains the expert testimony on the blood alcohol test is inadmissible because the expert did not testify "that the particular test method employed in a given case is reliable and accurate in his opinion, and also that it is generally accepted as such by other experts in the field." *City of Abilene v. Hall,* 202 Kan. 636, Syl. ¶ 4, 451 P.2d 188 (1969).

It is clear there was sufficient testimony that the procedure used was reliable and accurate. Marilyn Rock, the medical technologist, was thoroughly questioned regarding the accuracy of the test and the procedure used in administering it. She explained the procedure in a step-by-step process and carefully evaluated the findings. It is well established that a properly educated medical technologist has the necessary qualifications for evaluating the findings or results of chemical tests for alcoholic content of blood. *City of Abilene v. Hall,* 202 Kan. at 643.

As to whether the test method is accepted by others in the field, we find appellant's reliance upon the statement in *City of Abilene v. Hall* misplaced. The statement from *City of Abilene* was based upon a line of cases which required a showing of acceptance of the test procedure where there is a "disagreement . . . in the scientific and medical community as to the reliability of a particular test method." *City of Abilene v. Hall,* 202 Kan. at 641. Appellant has failed to introduce evidence that the test might be considered to be unreliable and unacceptable. Moreover, the facts indicate Dr. Hayes routinely ordered the test be administered to accident victims in order to assess the extent of injury and any factors that might be influencing the injury. Ms. Rock testified the blood alcohol test was run on an automated clinical analyzer, the machine routinely used by St. Joseph Medical Center for this type of test. In addition, she testified she had participated in well over 500 such tests.

We find there was sufficient evidence to show acceptance of this testing procedure by the medical community. We adhere to the test found in *State v. Foster,* 198 Kan. 52, 422 P.2d 964 (1967), which states a proper foundation is laid for the admission of the results of such an analysis where a qualified witness identifies the

report and explains the method and procedure of administering the test. See also *State v. Sanders,* 224 Kan. 138, 146, 578 P.2d 702 (1978).

As a second part of this issue of error, appellant contends that even if the blood alcohol test is properly before the court the blood sample was taken an hour after the accident which renders it unreliable and inaccurate. He further argues K.S.A. 1978 Supp. 8-1005(*a*) specifically states the percentage of alcohol found must reflect the percentage in the accused's body at the time of the accident. A claim of remoteness with evidence of this type goes only to the weight of the evidence not to its admissibility. *State v. Betts,* 214 Kan. 271, 276, 519 P.2d 655 (1974). The blood alcohol test must be considered in conjunction with all other relevant evidence to determine whether appellant was intoxicated at the time of the accident.

Applying these rules to this case and viewing the facts surrounding the accident, we find Parson was taken unconscious from his car to an ambulance, after having driven his car across the center line of the highway. He was admitted to the emergency room, smelling of alcohol, incoherent, and was held under observation continuously from a few minutes after the accident until the blood sample was taken. We find the results of the blood alcohol test were properly admitted into evidence. The time which elapsed between the accident and its discovery and the taking of defendant's blood goes only to the weight of the evidence received. This issue is without merit.

The judgment is affirmed.

FROMME, J., not participating.