COMMONWEALTH *vs.* ROBERT J. HAZELTON. December 26, 1980. The defendant was convicted and sentenced after a trial in a District Court before a jury of six on a complaint charging him with operating "a motor vehicle while under the influence of intoxicating liquor, upon a way or a place to which the public has the right of access." G. L. c. 90, § 24(1)(a), as amended by St. 1971, c. 1071, § 4. He raises two issues on appeal. There was no error.

The defendant argues that his motion for a directed verdict should have been allowed as there was no proof that he was operating on a public way or place to which the public had a right of access. A way is defined in G. L. c. 90, § 1, as "any public highway, private way laid out under authority of statute, way dedicated to public use, or way under the control of park commissioners or body having like powers." See also *Opinion of the Justices*, 313 Mass. 779, 781-783 (1943).

While the three documents offered by the Commonwealth to prove that the street upon which the defendant was operating his motor vehicle was a public way or a place to which the public had a right of access may not have been those stated to be admissible as prima facie evidence of a public way under G. L. c. 233, § 79F, they were evidence from which the jury could have found Great Bay Street to be a public way. One docu-

ment was a copy of a deed conveying to the town of Falmouth the fee in the land comprised within the area of the street. That deed contains the following restriction: "1. That the use of the same shall be limited to inhabitants of Falmouth, their guests and seasonal residents of Falmouth." The second document is a certificate of the town clerk stating "that Great Bay Street, Maravista, Chestnut Street southerly to Menauhant Road was accepted in 1954." The third was a certificate of the town clerk attesting that the accepted portion of Great Bay Street described in the second document was listed in the 1974 Falmouth road directory. In addition there were several photographs of the way itself before the jury, as well as evidence that the road was regularly patrolled by the police, that the town had placed "no parking" signs at its sides, and that the town had graveled and regularly plowed and maintained Great Bay Street. "The jury had the right to infer from the testimony that the street was a way within the meaning of the statute." See *Commonwealth* v. *Mara,* 257 Mass. 198, 209 (1926); *Commonwealth* v. *Charland,* 338 Mass. 742, 744 (1959); Nolan, Criminal Law § 554 (1976). The motion for a directed verdict was properly denied.

The defendant challenges the accuracy of the breathalyzer test because of certain claimed deficiencies in its administration and because it was administered about an hour and twenty minutes after his arrest. The case was properly tried on the basis that these deficiencies were directed to the weight that the jury should attribute to the results of the test. See *Commonwealth* v. *Shea,* 356 Mass. 358, 361 (1969); *State* v. *Parson,* 226 Kan. 491, 495 (1979). The defendant's claimed error in the admission of the test results fails, as there was no timely objection to any of the evidence. Mass.R.Crim.P. 22, 378 Mass. 892 (1979). *Commonwealth* v. *Underwood,* 358 Mass. 506, 509 (1970).

*Judgment affirmed.*

*James R. McMahon, Jr.,* for the defendant.

*Charles A. Morano,* Assistant District Attorney, for the Commonwealth.