COMMONWEALTH *vs.* SHAUN J. McHUGH. February 28, 1984. *Evidence*, Redirect examination. *Practice, Criminal*, Examination of jurors.

The defendant appeals from his conviction of unarmed robbery, based on a purse snatching in a shopping center parking lot. Two eyewitnesses identified the defendant as one of the two robbers — the victim, who had full opportunity to observe the robber, and a Fotomat employee in a parking lot booth, who viewed the incident and recognized the defendant as a person she had seen in the parking lot on previous occasions.

1. As a brief aside during the cross-examination of one Henell, an alleged eyewitness who testified for the defendant, the prosecutor asked Henell whether he had reported his observation of the robbery to anyone before the trial. Henell responded that he had given a statement to the police. On redirect examination, Henell testified that he had not made a statement until "a few months" after the crime. A question designed to elicit testimony that defense counsel had requested that Henell not report his version to the police earlier was objected to and excluded. At a bench conference, the trial judge explained that he would not allow the question since the Commonwealth could not probe the veracity of the answer except by calling defense counsel as a witness. The trial judge did not abuse his discretion. Henell's testimony on cross-examination regarding the statement to the police did nothing to impair his credibility. The Commonwealth had not brought up the subject of the delay and thereby "in-

sinuated the lack of truthfulness of the witness." *Commonwealth* v. *Haraldstad,* 16 Mass. App. Ct. 565, 571 (1983). A trial judge has the discretion to limit the scope of redirect examination to explanation by a witness of testimony given in cross-examination. See *Commonwealth* v. *Smith,* 329 Mass. 477, 479-480 (1952); *Commonwealth* v. *Mandeville,* 386 Mass. 393, 400 (1982).

2. The Commonwealth's witnesses had stated that the robber did not wear glasses. The defendant introduced evidence to show that he wore glasses "all the time" (having to explain why he was not wearing glasses or contact lenses during the trial). One Noonan, called by the defense, testified that he had seen the robbery and that the robber was not the defendant. Noonan testified on cross-examination that in his initial description to Officer Gately he did not state that the robber wore glasses. On redirect examination, Noonan testified that he had met with two detectives three days after the crime. He was asked whether he had told the detectives that Officer Gately's report was incorrect in indicating that the robber wore glasses. On objection, the question was excluded. Noonan later stated, without objection, that during the same conversation he had told the detectives that the robber did not wear glasses.

There was no error in excluding the question, if for no other reason than that the question assumed facts not in evidence: that Officer Gately had written a report; that the report attributed to Noonan a statement that the robber had worn glasses; and that Noonan had been told of the report. See *White* v. *Boston,* 186 Mass. 65, 67 (1904); *Reardon* v. *Boston Elevated Ry.,* 311 Mass. 228, 231 (1942). In any event, the evidence of Noonan's statement to the detectives that the robber did not wear glasses rendered the prior exclusion nonprejudicial. Cf. *Mishara* v. *Albion,* 341 Mass. 652, 661 (1961); *Goldman* v. *Mahony,* 354 Mass. 705, 707 (1968).

3. Finally, the defendant contends that the trial judge erred in refusing to ask prospective jurors whether they would tend to believe the testimony of a police officer over that of a civilian witness. It was not suggested to the trial judge that the case would involve conflicts in testimony between police officers and civilians, nor was any special factor brought to his attention which would warrant deviating from the general rule that it is within the trial judge's discretion to refuse to ask this question. See *Commonwealth* v. *Pinckney,* 365 Mass. 70, 73 (1974). See also *Commonwealth* v. *Bailey,* 370 Mass. 388, 399-400 (1976); *Commonwealth* v. *Cameron,* 385 Mass. 660, 667 (1982).

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.
*Susan S. Beck,* Assistant District Attorney, for the Commonwealth.