No. 82,469

BRANNON J. WELCH, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(13 P.3d 882)

Opinion filed December 8, 2000.

*Gary W. Owens*, of Wichita, argued the cause and was on the brief for appellant.

*Keith E. Schroeder*, deputy district attorney, argued the cause, and *Timothy J. Chambers*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Brannon J. Welch was convicted of aggravated indecent liberties with a child (K.S.A. 21-3504[a][3][A]). On appeal the Court of Appeals reversed the conviction and remanded the case for new trial on the basis that the testimony of a licensed specialist clinical social worker that he had diagnosed post traumatic stress disorder (PTSD) in the 4-year-old victim had been improperly admitted. See *State v. Welch*, unpublished opinion filed April 14, 2000. We granted the State's petition for review.

## UNDERLYING FACTS

The narrow issue of law before us does not require a detailed recitation of the facts underlying the charged offense. It is sufficient to say that defendant is the divorced father of the boy, D.W. The mother, Michelle, was the custodial parent and began to notice significant changes in her son's behavior. Ultimately, the child told

his mother about certain occurrences of a sexual nature during his visitation with his father. Michelle contacted Children's Protective Services at the Kansas Department of Social and Rehabilitation Services (SRS). D.W. was examined by a physician who found no injuries or scars but who referred the child to the University of Kansas Medical Center as he lacked expertise in the area of sexual abuse.

Ultimately, D.W. began counseling with Michael Boniello. At this point we need to be much more specific as to Boniello's testimony.

## BONIELLO TESTIMONY

Boniello testified he was a licensed clinical social worker in the states of Kansas and Missouri. He received his Kansas specialist license in 1986. In his practice, he specialized in the diagnosis and treatment of adult and child victims of sexual abuse. He further testified he had been qualified more than a hundred times as an expert witness in Kansas courts in the area of PTSD in children.

Boniello further testified that he had had 33 sessions with D.W. D.W. was 4 and a half years old when the counseling began. During these sessions, D.W. had described the same incidents involving sexual abuse that the child had told his mother and other professionals involved.

Boniello was asked, without objection, to tell the jury what PTSD is. He stated that PTSD is a collection of symptoms seen in people who have been subject to a traumatic event. Children can exhibit several symptoms. One is a regressed pattern of behavior. Another is repeating the behavior or having dreams or nightmares about the situation. Symptoms of PTSD would arise in children as the result of a severe traumatic event which would have to be rather major, such as a separation between parents, sexual abuse, having one's home destroyed by fire, or witnessing a sibling being seriously injured. PTSD is generally recognized throughout the United States in Boniello's field of study.

Boniello was asked, without objection, if he had observed symptoms of PTSD in D.W. He responded that he had. D.W.'s symptoms included soiling his pants after he had been toilet trained,

repeating the sexual behavior perpetrated on him with his young cousin, and emotional regression. Defense counsel objected at this point, only raising the question of whether Boniello had actually observed these symptoms or whether they were merely related to Boniello by the mother. This objection was overruled as being against the evidence.

Boniello was asked if based on these symptoms he had diagnosed D.W. as suffering from PTSD. He stated that he had, and there was no objection. When asked if Boniello could determine what trauma may have caused the PTSD, defense counsel objected, saying, "There's a Supreme Court case on this." The objection was sustained. When the State asked whether Boniello had inquired about any traumatic events which may have occurred in D.W.'s lifetime, there was no objection.

During cross-examination, Boniello was asked if he was familiar with the Diagnostic and Statistical Manual of the American Psychiatric Association (DSM-IV). The witness stated familiarization with the work. Defense counsel pointed out that PTSD was included in this diagnostic manual and then attempted to distinguish D.W.'s symptoms from those outlined in the manual.

## POST-TRIAL PROCEEDINGS

Joseph McCarville, defense counsel through trial, filed a motion for a new trial, raising several issues concerning admission of evidence and admission of the hearsay testimony of the child. Later, defendant retained new counsel who filed an amended motion for a new trial, adding the issue of ineffective assistance of counsel and error in the admission of the Boniello testimony, along with the issues already raised in the original motion.

After a hearing, the motion for a new trial was denied. Ruling from the bench on this issue, the trial judge concluded,

"I think Mr. Boniello's testimony in this case, I think the, the legislature has said persons of qualification with his skill, training and experience and his obvious license that he has, the legislature said he's qualified to testify as he did. The motion for a new trial is denied."

Defendant appealed, raising several issues, including ineffective assistance of counsel, trial court error in allowing a licensed spe-

cialist clinical social worker to testify about PTSD, and improper admission of child hearsay evidence. While acknowledging that the testimony was allowed without objection from defendant, the Court of Appeals reversed on the PTSD issue. The remaining issues were then determined to be moot. The case is before us on review of the decision on the issue of admission of the PTSD testimony.

## COURT OF APPEALS DECISION

The issue herein, the positions of the parties relative thereto, and the Court of Appeals' rationale is well stated in its opinion as follows:

"Welch challenges Boniello's testimony under *State v. Willis*, 256 Kan. 837, 888 P.2d 839 (1995), arguing that *Willis* prevents Boniello, who is not a psychiatrist, from testifying that D.W. suffered from PTSD. In *Willis*, over defense counsel's objection, the trial court allowed a clinical social worker with a master's degree in social work to testify as an expert witness; she testified that she had diagnosed [D.W.] with PTSD. 256 Kan. at 840. In addition, a psychiatrist testified regarding PTSD and rape trauma syndrome, characterizing PTSD as a 'medical diagnosis' and a 'mental illness.' 256 Kan. at 846.

"On appeal, this court found that the trial court did not abuse its discretion in qualifying the social worker as such an expert witness. 256 Kan. at 839. However, our Supreme Court disagreed.

"The court pointed out that generally the trial court has broad discretion to determine the qualifications of an expert witness and the admissibility of expert testimony. 256 Kan. at 839. However, the Supreme Court restricted qualified expert testimony regarding rape trauma syndrome with related PTSD. The court found that '[s]uch testimony should be limited to experts with training in the field of posttraumatic stress disorder and rape trauma syndrome and possessing the professional qualifications to make appropriate diagnoses thereof.' 256 Kan. at 847. It noted specifically that PTSD is characterized as a 'mental illness.' 256 Kan. at 841.

"The State argues that the present case is distinguishable from *Willis* because K.S.A. 1999 Supp. 65-6319 gives licensed specialist social workers authority to diagnose mental disorders. The statute states in pertinent part: '(a) The following licensed social workers may diagnose mental disorders classified in the diagnostic manuals commonly used as a part of accepted social work practice: (1) A licensed specialist clinical social worker. . . .'

"Thus, the State argues that Boniello had the qualifications to testify as an expert on the subject of PTSD. It points out that 65-6319 was enacted between the time the *Willis* case was decided by this court and heard by our Supreme Court. The

State ignores the fact that although the *Willis* decision did not mention 65-6319, the opinion was filed a full 6 months after the statute's enactment.

"This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Allen*, 21 Kan. App. 2d 811, 816, 908 P.2d 1324 (1995), *rev. denied* 259 Kan. 928 (1996). The trial court erred in denying Welch's motion for a new trial. Other issues presented are moot.

"Reversed and remanded for a new trial."

## DISCUSSION

The precise issue before us is very narrow. There is no claim that Boniello should not have been qualified as an expert licensed specialist clinical social worker who specializes in sexual abuse cases in clients of all ages. Boniello's credentials showed he was well qualified in the field. Rather, the claim is made that no licensed specialist clinical social worker is qualified to diagnose PTSD. The Court of Appeals agreed, relying on *State v. Willis*, 256 Kan. 837, 888 P.2d 839 (1995), as controlling.

The first matter to determine is whether an issue was preserved on appeal. The State points out that there was no contemporaneous objection to this testimony.

K.S.A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

As we summarized in *State v. Harris*, 266 Kan. 270, Syl. ¶ 3, 970 P.2d 519 (1998): "The contemporaneous objection rule requires a timely and specific objection to the admission of evidence or an improper closing argument, or the objection will not be considered on appeal."

The challenge to this line of testimony surfaced some 2 months after trial in defendant's amended motion for new trial, the amended motion having been filed by new counsel, who also asserted trial counsel had been ineffective in not objecting to this testimony. Defendant argues that the objection is properly preserved under *State v. Parson*, 226 Kan. 491, 601 P.2d 680 (1979). Parson was permitted to challenge the admission of blood test ev-

idence after raising it for the first time in his motion for judgment of acquittal made at the close of the State's evidence. The contemporaneous objection rule was stated in the opinion, but the court noted that this rule does not "operate in a vacuum and has been relaxed to fit trial situations, such as where the objectional matter isn't readily apparent or in a trial to the court rather than to a jury." 226 Kan. at 493. Further, we noted that Parson's case was a bench trial and the issue was raised prior to the trial court reaching its decision.

The facts of *Parsons* are clearly distinguished from those before us. The case herein was a jury trial. No objection was made until long after the jury had rendered its verdict and been discharged. We conclude the issue was not properly preserved on appeal and, accordingly, should not have been decided on its merits by the Court of Appeals.

Ordinarily, we would reverse the Court of Appeals and affirm the trial court at this point, remanding the case for determination of the issues left undecided by the Court of Appeals. However, one of those issues is the alleged ineffective assistance of the trial defense counsel for not having objected to the testimony concerning the PTSD diagnosis. By virtue of the Court of Appeals' conclusion that *Willis* barred such testimony, the same conclusion could affect the outcome of the ineffective assistance of counsel issue on remand. Therefore, we believe it appropriate to clarify *Willis* in the pertinent area.

As the Court of Appeals points out in the opinion, a significant statutory change became effective between the time the Court of Appeals decided *Willis* and the time we filed our decision in that case.

At the time *Willis* was tried and the appeal decided by the Court of Appeals, the expert testimony of the licensed specialist clinical social worker was subject to the requirement of the general statute on expert witnesses, K.S.A. 60-456, which provides in pertinent part:

"(b) If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the

witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness.

"(c) Unless the judge excludes the testimony he or she shall be deemed to have made the finding requisite to its admission.

"(d) Testimony in the form of opinions or inferences otherwise admissible under this article is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

The Court of Appeals filed its decision in *Willis* on May 20, 1994; our decision in *Willis* was filed January 27, 1995.

On July 1, 1994, K.S.A. 1994 Supp. 65-6319, a new statute, went into effect (L. 1994, ch. 164, § 1). (The applicable subsection (a) of this statute was in effect at the time of the trial of the case now before us and now appears as K.S.A. 1999 Supp. 65-6319.) The statute provided in pertinent part: "(a) The following licensed social workers may diagnose mental disorders classified in the diagnostic manuals commonly used as a part of accepted social work practice: (1) A licensed specialist clinical social worker . . . ."

In *Willis*, we held:

"While Ruth Durham was eminently qualified as a social worker, having been licensed by the behavioral sciences regulatory board, her background, experience, and licensure did not qualify her to diagnose medical and psychiatric conditions such as post-traumatic stress disorder.

"The Court of Appeals' reliance upon *Reser* was misplaced, and its opinion clearly deviates from the standard adopted in *Marks* and reaffirmed in *McQuillen* that for a witness to qualify as an expert on post-traumatic stress disorder and rape trauma syndrome, the witness must possess special training as an expert in that field of psychiatry. Such testimony should be limited to experts with training in the field of post-traumatic stress disorder and rape trauma syndrome and possessing the professional qualifications to make appropriate diagnoses thereof. A clinical social worker with a masters degree in social work falls well below that mark. We conclude the trial court erred in allowing Durham to testify as an expert in the psychiatric field of post-traumatic stress disorder and rape trauma syndrome. Defendant's objections to such testimony on the grounds of lack of qualifications of the witness and lack of foundation should have been sustained.

"The admission of the testimony of Durham as set forth earlier in this opinion constituted an abuse of discretion and prejudicial error. Contrary to the State's arguments, we do not find the error to be harmless. In view of the foregoing, we need not consider defendant's other arguments." 256 Kan. at 846-47.

It is on this language that the Court of Appeals rested its decision. It reasoned that as K.S.A. 1999 Supp. 65-6319(a) was effective

before our decision in *Willis*, it was considered by us, although not cited in the opinion.

It is appropriate to clarify *Willis* on this issue. K.S.A. 1999 Supp. 65-6319(a) was never argued to the court in *Willis* and was not considered by us in rendering the decision therein. Therefore, *Willis* is not controlling on the issue herein. The Boniello testimony clearly brings this witness within the purview of 65-6319, which authorizes such testimony. Thus, even if a contemporaneous objection had been lodged to this testimony, the objection should not have been sustained.

We note, also, that K.S.A. 1999 Supp. 65-6319(a) was amended by the 1999 legislature, effective July 1, 2000 (changes shown by italics and strike-outs), in pertinent part as follows:

"Sec. 16. K.S.A. 1998 Supp. 65-6319 is hereby amended to read as follows: 65-6319. ~~(a)~~ The following licensed social workers may diagnose *and treat* mental disorders ~~classified in the diagnostic manuals commonly used as a part of accepted social work practice: (1)~~ *specified in the edition of the diagnostic and statistical manual of mental disorders of the American psychiatric association designated by the board by rules and regulations: (a)* A licensed specialist clinical social worker . . . ." L. 1999, ch. 117, § 16.

Thus, by the latest amendments, the legislature has made it clear that licensed specialist clinical social workers are qualified to diagnose *and treat* mental disorders set forth in the DSM- IV. The challenge before us is only to Boniello's authority to testify as to his diagnosis.

With this clarification of *Willis*, we hereby: (1) affirm the district court on the admission of Boniello's testimony in question; (2) reverse the Court of Appeals' reversal of the conviction; and (3) remand the appeal to the Court of Appeals for the determination of the remaining issues.