Commonwealth *vs.* James P. Allen.

No. 00-P-223.

Middlesex. January 8, 2002. - May 13, 2002.

Present: Porada, Cowin, & Mills, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Emergency,
Consent. *Practice, Criminal,* Plea, Required finding, Instructions to jury.
*Community Antenna Television Systems. Telecommunications. Fraud.
License.*

The record on a motion to suppress evidence obtained during a warrantless
entry into a criminal defendant's apartment did not support the judge's
conclusion that a police officer's concern for the safety of a person in the
apartment amounted to a sufficient exigency to justify the entry, and the of-
ficer's initial observation of a certain object in plain view upon the of-
ficer's entry was not admissible and should have been suppressed; further,
all of the officer's observations after he entered the apartment, and all of
the defendant's statements to the police during the entry, were to be
suppressed. [720-722]

At a criminal trial, the judge did not err in denying the defendant's motion to
enforce a plea agreement, where the defendant failed to establish any such
binding agreement on the part of the prosecution. [722]

At the trial of a complaint charging the defendant with obtaining cable televi-
sion service by fraud, the judge correctly denied the defendant's motion
for a required finding of not guilty where, viewing the evidence presented
in the light most favorable to the Commonwealth, a reasonable juror could
infer that the company providing the cable service was licensed under
G. L. c. 166A. [722-724]

At the trial of a complaint charging the defendant with obtaining cable televi-
sion service by fraud, the judge erred in failing to instruct the jury as to
the definition of "telecommunications services," where the judge was
obligated to instruct the jury on all aspects of the law pertinent to issues
raised in the case, especially where the meaning of the technical term was
obscure and there was a possibility of confusion. [724-725]

Complaint received and sworn to in the Ayer Division of the
District Court Department on May 4, 1999.

Pretrial motions to suppress evidence and to enforce a plea
agreement were heard by *Peter J. Kilmartin,* J., and the case
was tried before him.

*J. Gregory Batten* for the defendant.

*Eric R. Barber-Mingo,* Assistant District Attorney, for the Commonwealth.

PORADA, J. From his conviction for obtaining cable television service by fraud, the defendant appeals, claiming that the judge erred in denying his motion to suppress, in failing to enforce a plea agreement, in denying his motion for a required finding of not guilty, and in failing to instruct the jury on an alleged element of the offense. We reverse.

1. *Motion to suppress.* The defendant argues that all evidence obtained during the warrantless entry into his apartment must be suppressed because there were no exigent circumstances that excused the failure by police to obtain a warrant. The motion judge, however, concluded otherwise, ruling that a police officer's concern for the safety of a disabled person, P.J., whom the officer knew to be incapable of caring for himself, and whom he thought might have been left alone in the apartment, amounted to a sufficient exigency to justify the warrantless entry.

In reviewing a motion to suppress, we accept the judge's findings of fact[1] unless they are clearly erroneous, but we independently review the application of constitutional principles to the facts found. *Commonwealth* v. *James,* 427 Mass. 312,

---

[1]The judge's findings endorsed on the motion were as follows: "[T]he police sergeant was informed by the cable company that [the] Number 4 apartment at 1 Hotel Place — something to the effect that a disconnected cable had been connected without the cable company doing the connection. The police sergeant, on Saturday, December 19, [1998,] at about 10:40 A.M., went to the door of the Defendant's apartment, which was open. There was loud music coming from it. The police sergeant had knocked several times and yelled for Mr. and Mrs. Allen [the defendant and his wife] and saw P.J. Allen, a disabled man incapable of caring for himself, who was known to the police sergeant. He saw him sitting in a chair. The police sergeant was concerned that P.J. might have been left there on his own, which was of concern to the police sergeant.

"The police sergeant entered through the open door to speak with P.J., which he did, which was not unreasonable. The police sergeant had a brief talk with P.J. as to whether the Defendant was there. The police officer noted that cable T.V. was on. The Defendant came running to the apartment yelling at the sergeant and yelling concerning the sergeant's entry into the apartment. The sergeant told the Defendant of his concern for P.J. and why he was there, that is, a cable complaint, and the Defendant voluntarily and freely had the police sergeant step back into the apartment. The Defendant answered a few

314 (1998). Applying this principle here, we do not agree with the judge that the situation facing the police officer justified a warrantless entry into the apartment.

The emergency exception will justify what would otherwise be an illegal, warrantless entry when there is an immediate need for assistance for the protection of life or property. *Commonwealth* v. *Snell*, 428 Mass. 766, 774-775, cert. denied, 527 U.S. 1010 (1999). *Commonwealth* v. *Bates*, 28 Mass. App. Ct. 217, 219-220 (1990). Here, there was no evidence that P.J. was in need of immediate assistance. When observed by the officer, P.J. was simply sitting in a chair watching television. The officer made no attempt to communicate with P.J. to see if he indeed had been left alone and took no other steps to ascertain if P.J. in fact had been left alone other than knocking on the open door and calling out the names of the two people whom the officer knew resided in the apartment. The circumstances presented do not support a conclusion that P.J. was in a life-threatening situation requiring an immediate, warrantless entry and assistance. Cf. *Commonwealth* v. *DiGeronimo*, 38 Mass. App. Ct. 714, 725-729 (1995) (the record did not demonstrate that a police officer had specific and articulable facts to support a reasonable belief that the defendant was in distress and in need of immediate assistance to justify the officer's warrantless entry into the apartment). Accordingly, because the entry was unlawful, the police officer's initial observation of the television set that was in plain view upon the officer's entry was not admissible and should have been suppressed.

Similarly, we conclude that all of the evidence obtained after the defendant consented to talk to the officer in the apartment should have been suppressed. While police officers may conduct a search when authorized to do so by any competent person who reasonably appears to exercise common authority over the place to be searched, see *Commonwealth* v. *Maloney*, 399 Mass. 785, 786-788 (1987), to be valid, the consent must be freely given. *Commonwealth* v. *Loughlin*, 385 Mass. 60, 63-64 & n.4 (1982). Consent to search obtained through exploitation of a prior illegality, particularly very close in time following the

questions about his cable service, and the police sergeant saw a coaxial cable attached to the TV."

prior illegality, has not been regarded as freely given unless the taint of the illegality has been attenuated. *Commonwealth* v. *Midi*, 46 Mass. App. Ct. 591, 595 (1999). It is the burden of the Commonwealth to prove that the taint has been sufficiently attenuated to allow the admission of the evidence derived from the prior illegality. *Ibid.* In this case, however, nothing was offered by the government to negate the inference that the defendant's consent was obtained entirely through exploitation of the prior illegality. As a result, all of the officer's observations after he entered the apartment, including his observation of the connection of the coaxial cable to the television set, and all of the defendant's statements to the police during the officer's entry into the apartment must be suppressed.

Because there was other evidence presented in this case that the external cable connections leading to the defendant's apartment had been altered, we consider the defendant's remaining arguments in the event of a retrial. See *Kater* v. *Commonwealth*, 421 Mass. 17, 18 (1995) ("[i]f the evidence admitted at the trial was sufficient to send the case to the jury, but is insufficient to send the case to the jury if all improperly admitted evidence is disregarded, double jeopardy principles nevertheless do not bar a retrial").

2. *Plea agreement.* The defendant contends that the judge erred in denying his motion to enforce a plea agreement. See *Commonwealth* v. *Santiago*, 394 Mass. 25, 28 (1985) (when a prosecutor enters into a plea bargain agreement, the court will see that due regard is paid to it). There was no error because the defendant failed to establish any such binding agreement on the part of the prosecution. The defendant relied solely on a letter from defense counsel to the cable company for proof of such an agreement. That was insufficient to demonstrate a binding agreement between the defendant and the prosecutor.

3. *Motion for a required finding.* The defendant argues that his motion for a required finding of not guilty should have been allowed because the Commonwealth failed to prove that the cable company was licensed under G. L. c. 166A and, thus, was a provider of telecommunication services for the purposes of G. L. c. 166, § 42A. In order to convict the defendant for a violation of G. L. c. 166, § 42A, the Commonwealth was

required to prove that the defendant, with intent to defraud, obtained or attempted to obtain telecommunication services by installing or tampering with the telecommunication facilities or equipment or by other means. Although telecommunication services are not defined in the statute, G. L. c. 166, § 42A, specifically provides that " 'telecommunication service' shall include the transmission of intelligence by a community antenna television system licensed pursuant to the provisions of chapter one hundred and sixty-six A."

By virtue of this definition, it excludes from the meaning of telecommunication service a community antenna television system that is not licensed under the provisions of G. L. c. 166A. See *Perez* v. *Bay State Ambulance & Hosp. Rental Serv., Inc.*, 413 Mass. 670, 675-676 (1992) ("definition which declares what a term means . . . excludes any meaning that not stated"). See also 2A N.J. Singer, Statutes and Statutory Construction § 47.07 (6th ed. 2000). Accordingly, in order to find the defendant guilty of this offense the Commonwealth had to prove that the cable company in question was licensed under G. L. c. 166A. Although there was no direct evidence that the cable company possessed such a license, two of the employees of the cable company testified about the company's extensive and open operation of cable television within the town of Pepperell. In particular, there was testimony that the cable lines of the company ran from telephone poles in the town into junction boxes that fed cable lines into residences. There was also evidence that the cable company sought the aid of the police in protecting its services from theft, and the police acted upon its request to enforce the provisions of § 42A.

Viewing this evidence in the light most favorable to the Commonwealth, a reasonable juror could infer that the cable company was properly licensed. See *Commonwealth* v. *Chatfield-Taylor*, 399 Mass. 1, 5-7 (1987) (although no direct evidence that the defendant was registered as a Massachusetts physician, there was sufficient other evidence from which jury could draw this inference). See also *Commonwealth* v. *Hazelton*, 11 Mass. App. Ct. 899, 899-900 (1980) (although Commonwealth did not introduce a certificate to establish that street on which the defendant was charged with operating a motor

vehicle under the influence was a public way, there was other evidence from which jury could infer that the street was a public way, such as testimony that road was regularly patrolled by police, that town had placed no parking signs on its sides, and that town maintained the road). The judge did not err in denying the motion for a required finding.

4. *Instruction.* The defendant argues that the judge erred in failing to instruct the jury that the Commonwealth had to prove that the cable company was licensed under G. L. c. 166A as one of the elements of the offense of obtaining cable televison by fraud. The defendant requested this instruction, and the judge declined to give it.

In instructing the jury on the elements of the offense, the judge informed the jury that the Commonwealth had to prove that the defendant had obtained telecommunication services; that the defendant had installed or tampered with the facilities or equipment of the telecommunication service provider; and that the defendant had done so with the specific intent to defraud, deceive, or cheat the service provider. However, the judge did not define telecommunication services for the jury. Instead, he instructed the jury that they must draw on their "own common sense and experiences of life in determining whether or not the provisions of cable TV fall[] [under] the umbrella of telecommunication services." We conclude that this was error.

A trial judge is obligated to instruct the jury on all aspects of pertinent law applicable to issues raised in the case so that the jury understands the basis for their verdicts. *Commonwealth* v. *Roberts*, 378 Mass. 116, 129-130 (1979). See *Commonwealth* v. *Walter*, 40 Mass. App. Ct. 907, 910 (1996). As part of this obligation, a judge should explain the meaning of technical terms where their meaning is obscure and there is a possibility of confusion. *Commonwealth* v. *Fuller*, 421 Mass. 400, 411 (1995). Because we consider telecommunication services a technical term, the judge should have defined the term for the jury.[2] Here, the jury was left to speculate about what telecommunication services meant. Further, pursuant to the defendant's

---

[2]Apart from the statement in G. L. c. 166, § 42A, that " 'telecommunication service' shall include the transmission of intelligence by a community

request, as explained *supra*, the jury should have been instructed that the Commonwealth had to prove beyond a reasonable doubt that the cable company was one licensed by the town of Pepperell to provide this service to its citizens pursuant to G. L. c. 166A. Absent those instructions, the jury could not determine, in the context of this case, whether the Commonwealth had carried its burden of establishing beyond a reasonable doubt one of the elements of the offense, namely that the defendant had obtained telecommunication services. Cf. *Commonwealth* v. *Niziolek*, 380 Mass. 513, 526-527 (1980) (at arson trial, where judge failed to define malice, the jury could not determine whether Commonwealth had carried its burden of establishing this element beyond a reasonable doubt); *Commonwealth* v. *Walter*, 40 Mass. App. Ct. at 909-910 (at trial for attempting to break and enter a dwelling house with intent to commit a felony, failure of judge to define felony created substantial risk of a miscarriage of justice). The judgment must be reversed and the verdict set aside. The order denying the defendant's motion to suppress is vacated and a new order, allowing the motion as described herein, shall be entered.

*So ordered.*

---

antenna television system licensed pursuant to the provisions of chapter one hundred and sixty-six A," there is no other definition of "telecommunication services" in G. L. c. 166. Notwithstanding this, the term also embraces the services provided by telephone and telegraph companies, the regulation of which is the subject matter of G. L. c. 166. See *Commonwealth* v. *Todisco*, 363 Mass. 445, 446 (1973) (telephone services).