A jury convicted the defendant, Johnson Wachira, of operating a motor vehicle on a public way while under the influence of alcohol, G. L. c. 90, § 24(1)(a )(1).[2] The defendant appeals, asserting that there was insufficient evidence to establish that he drove while intoxicated and that a question asked by the prosecutor, which forecast the defendant's failed performance on roadside sobriety tests, created a substantial risk of a miscarriage of justice. We affirm.
1. Sufficiency of the evidence. "In reviewing the denial of a required finding of not guilty, we review the evidence introduced up to the time the Commonwealth rested its case to determine whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient for a reasonable jury to infer the existence of each essential element of the crime charged, beyond a reasonable doubt." Commonwealth v. Rivera, 460 Mass. 139, 141 (2011). See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The charge here required the Commonwealth to prove "that the defendant (1) physically operated a vehicle; (2) 'on a public way or place to which the public has a right of access; and (3) ... was impaired by the influence of intoxicating liquor.' " Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016), quoting from Commonwealth v. Zeininger, 459 Mass. 775, 778, cert. denied, 565 U.S. 967 (2011).
The State trooper's testimony that the defendant drove his automobile on Route 24, a public road maintained by the State Department of Transportation, satisfied the first two of the three elements. See G. L. c. 90, § 1 (definition of "way" includes "any public highway"), and Commonwealth v. Hazelton, 11 Mass. App. Ct. 899, 900 (1980) (evidence that a road is publicly maintained is evidence that it is a public way under G. L. c. 90, § 24 [1][a ] [1] ). The Commonwealth's proof of the third element is equally clear. The trooper also testified that the defendant exhibited classic signs of intoxication and a diminished capacity to operate safely. Specifically, the trooper stated that the defendant was belligerent, smelled strongly of alcohol, drove erratically, and had poor balance and bloodshot eyes. See Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011) ("belligerent demeanor, strong odor of alcohol, poor balance, and glassy, bloodshot eyes" are signs of intoxication). The defendant also admitted to consuming wine and vodka before driving. On the basis of this evidence, we are satisfied that a jury could reasonably conclude that alcohol diminished the defendant's ability to drive safely. Commonwealth v. AdonSoto, 475 Mass. at 509. We discern no error.
2. The prosecutor's question. Before any evidence had been introduced regarding the defendant's performance on the field sobriety tests, the prosecutor asked the trooper if he had "ask[ed] [the defendant] any more questions before he proceeded to fail the sobriety test?"
The defendant contends that the question resulted in an impermissible comment on the defendant's guilt, and therefore, in the absence of an objection, it created a substantial risk of a miscarriage of justice. See Commonwealth v. Brown, 451 Mass. 200, 209 (2008). We disagree.
First, the question (which prematurely assumed facts not in evidence, see Commonwealth v. McHugh, 17 Mass. App. Ct. 1015, 1016 [1984] ), was only one of many other properly formed questions. See Commonwealth v. Johnson, 412 Mass. 318, 328 (1992) (collecting cases in which improper questions did not require reversal). Second, ample evidence of the defendant's poor performance on the field sobriety tests quickly followed the prosecutor's question. Third, the judge properly instructed the jury that an attorney's "question to a witness is never evidence, only the answer" is evidence. Jurors are presumed to follow these instructions. Commonwealth v. Degro, 432 Mass. 319, 328 (2000). Accordingly, under these circumstances, we cannot say that the prosecutor's single, inartfully framed question created a substantial risk of a miscarriage of justice.
Judgment affirmed.

The judge found the defendant responsible for a marked lanes violation, but placed the finding on file.