A jury convicted the defendant, Ronald L. Carroll, Jr., of operating a motor vehicle while under the influence of alcohol (OUI), G. L. c. 90, § 24(1)(a )(1).[2] In this consolidated appeal from the jury's verdict and the order denying the defendant's motion for a new trial, the defendant contends that trial counsel's performance was constitutionally infirm. We affirm both the judgment and the order denying his motion for a new trial.
Discussion. 1. Motion for a new trial. a. Request for hearing. When the motion raises a substantial issue, the "better practice" is for a judge to hold an evidentiary hearing. Commonwealth v. Drayton, 473 Mass. 23, 31 (2015). The judge need not hold an evidentiary hearing if no substantial issue is raised by the motion affidavits. See Commonwealth v. Goodreau, 442 Mass. 341, 348-349 (2004). The decision to hold a hearing rests within the sound discretion of the trial judge. See Commonwealth v. Almonte, 84 Mass. App. Ct. 735, 738 (2014).
Here, the defendant raises several challenges to counsel's performance which, he claims, deprived him of effective assistance of counsel. He asserts that (1) counsel's cross-examination of the Commonwealth witness elicited the only evidence on an essential element, i.e., a public way, (2) counsel failed to move to exclude evidence of his difficulty in answering questions at his booking, and (3) counsel failed to elicit evidence of the officer's mistaken belief that the defendant stored alcohol in an open container. None of these claims required the judge to take additional testimony; therefore, the judge did not abuse his discretion in deciding the defendant's claims without an evidentiary hearing. We turn now to the substance of the defendant's claims.
b. Standard of review. "[A] motion for a new trial is addressed to the sound discretion of the trial judge," Commonwealth v. Smith, 381 Mass. 141, 142 (1980), and the judge abuses that discretion when he or she makes " 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).
c. Ineffective assistance of counsel. "To prevail on a motion for a new trial claiming ineffective assistance of counsel, a defendant must show that there has been a 'serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer,' and that counsel's poor performance 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Millien, 474 Mass. 417, 429-430 (2016), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Under this standard, counsel's performance was not subpar.
Contrary to the defendant's assertion, this is not a situation in which "but for defense counsel's question[ing], there was no evidence supporting one element of the crime," i.e., public way. Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 784 (2007). Rather, the jury could have found a public way from the officer's direct testimony. Here, the officer testified to being on patrol and parked on the side of Main Street when he observed the defendant. The jury could have reasonably inferred from this testimony that the officer's patrol area covered Main Street and, therefore, that Main Street, where the defendant was observed driving, was a way to which the public has a right of access and thus is a public way. See Commonwealth v. Hazelton, 11 Mass. App. Ct. 899, 900 (1980). As such, counsel's tactical decision to explore the dimensions and road conditions of Main Street, in support of her defense that the defendant's driving was not impaired, did not render her performance subpar.[3]
The defendant also attacks counsel for failing to move to exclude evidence of his difficulty in answering booking questions. However, contrary to the defendant's assertions, this was not inadmissible evidence of the defendant's postarrest silence but, rather, relevant and permissible demeanor evidence of the defendant's difficulty in articulating answers to simple pedigree questions. See Commonwealth v. Ellis, 79 Mass. App. Ct. 330, 336 (2011) (evidence that defendant was "nodding off" was not "subject to exclusion, and objection would be futile"). Counsel cannot be faulted for failing "to pursue futile" challenges to admissible evidence. Commonwealth v. Shippee, 83 Mass. App. Ct. 659, 668 (2013).
Finally, the defendant faults counsel for failing to establish that, contrary to the toxicology reports, Rockport police believed there was alcohol in the Dunkin' Donuts cup found in the defendant's car. This evidence, however, bore no relevance to any contested issue at trial-as the judge had already found the defendant not responsible on the open container charge-and, because the contents of the cup were discovered by the police inventory of the car that ensued after the defendant's arrest, evidence that its contents contained alcohol, did not support the defense's theory that the arresting officer rushed to judgment in arresting the defendant. For all these reasons, we see no error in the judge's denial of the defendant's motion for new trial.
2. New claim of ineffective assistance. On appeal, the defendant raises for the first time an additional challenge to trial counsel's performance. Generally, a defendant is required to raise ineffective assistance claims at trial or in the defendant's motion for new trial, "and not for the first time in an appellate court," Commonwealth v. Harrington, 379 Mass. 446, 459 (1980). Even though we are not required to, we briefly address this claim. The defendant faults counsel for failing to object to the prosecutor's purported mischaracterization in closing argument of the arresting officer's testimony. The defendant asserts the prosecutor crossed the line when he argued that Officer Anderson had drawn the "conclusion that [the defendant] was operating under the influence of alcohol." We disagree.
In summation a prosecutor may argue "fair inferences that can be drawn from the evidence." Commonwealth v. Kelly, 417 Mass. 266, 270 (1994). Here, the officer testified to the observations he made of the defendant's physical appearance, performance, and demeanor that formed the officer's opinion that "[the defendant] was under the influence of alcohol" and his decision to place the defendant under arrest.[4] While the officer did not explicitly opine that the defendant drove while under the influence of alcohol, see Commonwealth v. Canty, 466 Mass. 535, 544-545 (2013), the jury could have surmised as much from the officer's other observations and his ultimate decision to arrest the defendant. Accordingly, the prosecutor's statement was a fair characterization of the evidence. Any objection to the prosecutor's statement would have been futile, and "[t]he absence of an unmeritorious or futile objection cannot constitute ineffectiveness." Commonwealth v. McLaughlin, 79 Mass. App. Ct. 670, 678 (2011).[5]
Judgment affirmed.
Order denying motion for new trial affirmed.

The defendant was also charged with unlicensed operation of a motor vehicle and possessing an open container of alcohol in a motor vehicle. The judge dismissed the former charge upon the request of the Commonwealth, and entered a finding of not responsible for the latter.

From the trial record it is apparent that defense counsel pursued a defense of lack of impairment, and the questions relating to Main Street supported that defense. "That the defense strategy did not achieve an acquittal does not, in hindsight, thereby render defense counsel's strategic decision ineffective assistance of counsel." Commonwealth v. Long, 476 Mass. 526, 533 (2017).

The officer indicated that the defendant's breath smelled of an alcoholic beverage and that the defendant had glassy eyes, stumbled on his words and could not formulate complete sentences, was unsteady on his feet, and had trouble retrieving his license.

We also see no merit to the defendant's claim that the challenges he raises to trial counsel's performance rendered her ineffective.